Donald W. PAUL, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of the Department of Health, Education and Welfare, Appellee.

No. 19115.

United States Court of Appeals Ninth Circuit.

Oct. 16, 1964.

Rehearing Denied Nov. 12, 1964.

Donald W. Paul, in pro. per.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil Section, Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

BARNES, Circuit Judge:

This case arises on appeal from a district court order granting the motion for summary judgment made by appellee, the Secretary of the Department of Health, Education and Welfare. This court has jurisdiction of the appeal from a final decision as conferred upon it by 28 U.S.C. § 1291. The district court had jurisdiction of the petition for review pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405 (g).

Appellant, Donald W. Paul, filed an application for disability benefits under the Social Security Act on August 23, 1960, alleging that cataracts of both eyes had disabled him from employment as of August 3, 1959. Appellant had been employed principally in a supervisory capacity in the tool and die-making and pantograph engraving trade.

The Social Security Administration denied appellant's application on January 11, 1961 on the grounds that his ailment was not within the statutory definition of one "expected to continue for a long and indefinite time * * *." (Ad.R. 99) The denial was upheld upon reconsideration on October 21, 1961. On August 28, 1962, further reconsideration of appellant's claim was undertaken before a hearing examiner of the Social Security Administration. On September 28, 1962, the examiner mailed his findings to appellant, affirming the earlier refusal to honor his claim. These findings became the final administrative decision on December 20, 1962, when the Appeals Council of the Department of Health, Education and Welfare denied appellant's request for review.

Appellant filed his petition for review in the district court on January 29, 1963. Pursuant to a motion for summary judgment by appellee, the district court affirmed the finding of the hearing examiner. The appellant forthwith filed notice of appeal to this court on December 19, 1963.

*Questions Presented*

1. Was the district court correct in its finding that the administrative record as a whole contained substantial evidence to support the agency decision?

2. Was appellant afforded a fair and impartial hearing before the administrative agency?

Appellant takes issue with the findings of the Social Security Administration, denying his claim to disability benefits under the Social Security Act, § 205(g), as amended, 42 U.S.C. § 405 (g). The district court, on review, determined that the record as a whole contained substantial evidence to support the agency findings. Appellant is not entitled to a trial de novo in this court which, in effect, is what his specifications of error demand. On the record as a whole, this court agrees with the district court that substantial evidence exists to support the hearing examiner's decision that the claimant's disabilities were not so severe as to prevent him from working. The record supports the finding that claimant's medical condition was not expected to continue for such a "long and indefinite time without any real improvement" such as would prevent him from engaging in any substantial gainful activity. 42 U.S.C. § 416.

Appellant, however, raises serious questions as to the completeness of the record and the propriety of the conduct of the hearing before the Social Security Administration referee. His principal objection is that significant documents were omitted from his file when said file was delivered to the hearing examiner by the agency officials. The district court findings and conclusions of law did not treat this objection; and

the colloquy between the district court judge and counsel for appellant resolved only that appellant's objection went to the presentation of the file to the hearing examiner, not to the bringing up of the record to the district court. (R. Tr. 4–5.) In light of the serious nature of appellant's allegations and the possibility that a suppression of evidence by government officials would deny appellant his constitutional right to a fair and impartial hearing, Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), we have examined the administrative record to assess the substantiality of appellant's claims. Our examination does not furnish support to appellant's allegations, and we conclude, as a matter of law, that appellant was not denied his right to a fair and impartial hearing.

The administrative record reveals that every opportunity was extended to the claimant to object to or supplement the file of his case presented to the hearing examiner. The hearing examiner expressly stated to the claimant that, as hearing examiner, he had examined the entire file sent to him by the Bureau of Old-Age and Survivors Insurance. (Ad. R. 38.) This file was presented to claimant for his examination. (Ad. R. 39.) Subsequent to the hearing, on August 28, 1962, claimant was informed by letter of September 18, 1962 that he had until October 2, 1962 to offer any rebuttal evidence to the hearing examiner. The record was to be left open for this additional two-week period. (Ad. R. 28.) After receipt of the hearing examiner's decision, appellant filed a request for review with the Appeals Council of the Department of Health, Education and Welfare on October 19, 1962. In this request appellant indicated that "the file at the time of the hearing was not complete" and that he would submit further evidence. (Ad.R. 19.) One month later, November 19, 1962, having received no further evidence, the Appeals Council took it upon itself to remind claimant by letter of his promise to sub-

mit further contentions and additional evidence. Claimant was also informed in this letter that he would be given an additional twenty days to submit further statements or additional evidence. (Ad. R. 18.) Claimant submitted nothing.

These extensive efforts on the part of the Social Security Administration to afford claimant every opportunity to complete the administrative record as he saw fit emphatically refute his present allegations of denial of a fair hearing by use of an incomplete agency file.

The decision of the district court granting summary judgment to appellee is affirmed.