**Walton J. BYRD, Jr., Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.**

**No. 22738.**

United States Court of Appeals
Fifth Circuit.

March 18, 1966.

Williams S. Murphy, Lucedale, Miss., for appellant.

E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., Florence Wagman Roisman, David L. Rose, Attys., Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Washington, D. C., for appellee.

Before RIVES and GEWIN, Circuit Judges, and ALLGOOD, District Judge.

PER CURIAM:

Appellant, Walton J. Byrd, Jr., brings this appeal from an adverse decision of the United States District Court for the Southern District of Mississippi, Southern Division.

This matter was before the District Court pursuant to the provisions of Section 205(g) of the Social Security Act, as amended, [42 U.S.C.A. § 405(g)], seeking review of a final decision of the Secretary of Health, Education and Welfare, holding that appellant was not entitled to a period of disability or disability insurance benefits under the provisions of Sections 216(i) and 223 of the Social Security Act, as amended [42 U.S.C.A. §§ 416(i) and 423], for which he filed an application on May 21, 1962.

In his application for a period of disability and for disability insurance benefits, Mr. Byrd stated that his impairments were, "Back injury and high blood pressure."

On March 8, 1965, the District Court affirmed the decision of the Secretary and this appeal followed.

■■ A careful review of the record convinces the court that the decision of the Secretary is supported by substantial evidence. Therefore, the judgment of the District Court should be affirmed. However, it appears to the court that appellant may be entitled to benefits under Section 303(a) of Public Law 89–97, July 30, 1965, which amends Section 216 (i) and 223 of the Social Security Act by substituting for the requirement that an individual's impairment must be expected to be of long-continued and indefinite duration or to result in death, a new requirement that he have been under a disability which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve calendar months. A period of disability by reason of this change may be established pursuant to the provisions of Section 303(f) of the Public Law for periods of disability beginning as early as October 1941 but benefits are payable only beginning September 1965 or the seventh month in which an individual has been determined to be under a disability under the amended test in Section 303(a) of the Public Law, whichever is later. This new requirement also applies to cases in court in which judicial review of the claim was

not completed before July 1965. Although a period of disability may not be established, or benefits not be paid, in any case pending in court, under the prior definition, the case, upon affirmance by the court in or after July 1965, may still be remanded to the Secretary for determination under the amended test of disability.

The judgment of the District Court is, therefore, affirmed in part and the cause remanded with directions to remand to the Secretary for further consideration under the amended test of disability.

Affirmed in part and remanded with directions.