**John SERGEANT, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 16556.**

United States Court of Appeals Sixth Circuit.

May 28, 1966.

Harold G. Wells, Hazard, Ky., Wells & Wells, Hazard, Ky., on brief, for appellant.

Frederick B. Abramson, Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., David L. Rose, Frederick B. Abramson, Attys., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

This is the second application for social security disability benefits by plaintiff-appellant. As disclosed by this record, appellant is a 44-year-old ex-coal miner, with a third grade education. His prior employment has consisted of farming, truck driving, coal loading, and seven months as an unskilled machine operator for a small supplier of National Cash Register. In 1960 he developed lung trouble and has done no work of any kind since then. He lives on a small plot of farmland near Hazard, Kentucky, with a wife and two children.

Appellant's prior application for social security benefits, filed on January 13, 1961, was denied on the merits and no appeal was taken. As a result, the present application for total and permanent disability benefits pertains only to the period of time between April 13, 1961, and September 30, 1961. The latter limit is set by the fact that appellant's period of social security insurance coverage expired on that date.

Appellant's physical disability as reported in Dr. Cordell H. Williams' 1961 report (the only report actually applicable to the period in question) indicates that appellant suffered from bronchiectasis, which "might be improved by surgery."

At oral argument of this appeal, counsel for appellee, Secretary of Health, Education and Welfare, called the court's attention to the 1965 amendment to the Social Security Act which amended the definition of the term "disability" to read: "has lasted or can be expected to last for a continuous period of not less than 12 months." 79 Stat. 366 (1965), 42 U.S.C.A. § 416(i) (Supp. 1965), 79 Stat. 367 (1965), 42 U.S.C.A. § 423(c) (2) (Supp. 1965). Appellee suggested remand for consideration of appellant's case under the new standard.

The Trial Examiner's findings herein relied at least in part upon the fact that appellant had a remediable disability but had failed to have an operation to correct his lung condition. The new test might make a difference in that if he had been operated on, he might have been disabled from any employment for the twelve month period of time specified by the new amendment. This question can only be determined by remand to the Trial Examiner for such additional testimony as may be relevant to appellant's rights (if any) under the 1965 amendment cited.

While we believe that the District Judge was correct in finding substantial evidence to affirm the decision of the Trial Examiner under the then existing definition of total and permanent disability, this definition has now been changed as to applications (like this one) where a civil action has been filed prior to July 1965 and no final decision has been reached. 79 Stat. 368 (1965). We believe we should allow possible effect of the 1965 amendment by granting the suggested remand.

The judgment of the District Court is vacated and the case is remanded for further proceedings in accordance with this opinion.