**Myrtle D. McGAUGHY, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 16291.**

United States District Court
E. D. Louisiana,
New Orleans Division, Section C.

March 7, 1967.

Herman S. Kohlman, New Orleans, La., for plaintiff.

Frederick W. Veters and Louis B. Merhige, Asst. U. S. Attys., New Orleans, La., for defendant.

RUBIN, District Judge:

The plaintiff seeks permanent disability benefits[1] under the Social Security Act.[2] Her claim was filed on July 29, 1964, but she last met the earnings requirements on December 31 1958.[3] The Social Security Administration determined that the plaintiff had not shown that she was disabled, as defined by the act, on December 31, 1958, and denied her claim. Having unsuccessfully pursued her administrative remedies, she seeks review of the final decision of the Secretary of Health, Education, and Welfare.[4]

Disability is defined by the Act as "inability to engage in any substantial gainful activity by reason of any medically determined physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration".[5] An amendment effective July 30, 1965, substituted a requirement that the impairment continue for "not less than 12 months" for the former requirement that it be of "long-continued and indefinite duration." This amendment applies to the present case because the notice of the Secretary's final decision had not been given to the applicant prior to July, 1965,[6] and there-

1. 42 U.S.C.A. § 416(i) and 423.

2. 42 U.S.C.A. § 301 et seq.

3. The plaintiff would be ineligible for benefits unless her total inability to work continued until a date within 14 months from the date of her application, that is until May 29, 1963. 42 U.S.C.A. § 416(i) (2) (E).

4. 42 U.S.C.A. § 405(g).

5. Sections 216(i) and 223(c) (2) of the Social Security Act prior to amendment.

6. Section 303(f), Public Law 89–97, 79 Stat. 286.

fore the claimant is entitled to disability benefits if she can meet either test.[7]

## ADMINISTRATIVE FINDINGS

The Hearing Examiner made the following findings:

"1. The claimant last met the earnings requirements through December 31, 1958."

"2. The claimant was born on May 2, 1915, and has a twelfth grade education."

"3. The claimant has had experience in jobs of a light nature, such as clerical work and work of a supervisory capacity."

"4. The claimant's impairments while still meeting the earnings requirements would not have prevented her from engaging in work in which she had experience."

"5. In addition thereto while still meeting the earnings requirements, claimant could engage in work such as bag tier, bag cutter or bag sealer, and candy maker or candy maker helper."

"6. The impairments caused by injury claimant suffered in an automobile accident in 1957 would have prevented claimant from working for approximately three months, but these impairments were not severe enough to prohibit work for a continuous period of time of at least 12 months."

Therefore, he concluded:

"The evidence of record does not establish that the claimant, at any time she met the special earnings requirements, suffered a loss of function or disabling impairments that would prevent her from engaging in any substantial gainful activity; therefore, the claimant has not sustained the burden of proof that she has an impairment or a combination of impairments that rendered her unable to engage in any substantial gainful activity at the time she met the special earnings requirements."

## PRINCIPLES APPLICABLE TO REVIEW OF ADMINISTRATIVE FINDINGS

■ The Statute under which the plaintiff proceeds provides categorically that, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."[8] The Statute manifests a "deliberate Congressional judgment to afford this significant insulation to the administrative fact findings."[9] The finality accorded by the Statute to the administrative findings "attaches to inferences supported by substantial evidence."[10] This means of course that this court does not try the case de novo.[11] Even where the district court is persuaded that it would have found differently had it heard the same evidence as the trier of the fact, the Court is not to substitute its own view for the Secretary's if there is the requisite evidence to support his.

"To establish a disability under the Act a claimant must show that he is unable to do his former work and is unable to perform any substantial, gainful work, including work of a lighter type."[12]

---

7. The Secretary expressly considered the amendment to Sections 216(i) and 226 of the Social Security Act contained in Public Law 89–97, July 30, 1965. See Byrd v. Gardner, 5th Cir. 1966, 358 F.2d 291.

8. 42 U.S.C.A. § 405(g). See for applications of the "substantial evidence" test Moon v. Celebrezze, 7th Cir. 1965, 340 F.2d 926; Celebrezze v. O'Brient, 5th Cir. 1963, 323 F.2d 989; Ward v. Celebrezze, 5th Cir. 1962, 311 F.2d 115; Clinch v. Celebrezze, 5th Cir. 1964, 328 F. 2d 778; and Aldridge v. Celebrezze, 5th Cir. 1964, 339 F.2d 190.

9. Frith v. Celebrezze, 5th Cir. 1964, 333 F.2d 557.

10. Celebrezze v. O'Brient, 5th Cir. 1963, 323 F.2d 989.

11. Alsobrooks v. Gardner, 5th Cir. 1966, 357 F.2d 110.

12. Ibid.

"All the circumstances of each case must be considered in making the determination whether an applicant is able to work. In determining capacity to work, the age, training, work experience, physical faculties, and mental faculties of the claimant must be considered. Two issues must be decided—what can appellant do, and what employment opportunities are there for a man in his condition? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available. * * * We cannot order unemployment compensation under the guise of disability insurance. * * " [13]

"The ability of the claimant to engage in substantial and gainful employment is not to be measured by the hypothetical average man, but by the particular claimant's capabilities. * * * " [14]

## REVIEW OF ADMINISTRATIVE FINDINGS

Except for a few months in 1955, the plaintiff has not worked since the fall of 1954. In an interview prior to the hearing, the plaintiff stated that she quit work in order to keep house. She had previously worked as a payroll clerk; a supervisor in a stationery and envelope factory; in the splicing, tie-in, and inspection departments of a rubber tire factory; on an assembly line packaging cosmetics; and as a sales clerk at the cosmetics counter of a drug store. Plaintiff testified that her kidney condition had existed since 1954 and that it had gotten worse but that it would not, even at the time of the hearing, prevent her from working.

The plaintiff laid her primary complaints to the automobile accident in 1957 and traced her inability to work from that date. It was of course difficult to determine in 1964 exactly what the plaintiff's condition was on December 31, 1958. This is particularly true when the medical testimony, viewed most favorably to the plaintiff, indicates that any disability from which she is now suffering is psychological, and that any disability in 1958 was likely also largely or exclusively non-somatic. The several medical experts who examined the plaintiff at later times based their conclusions with respect to the plaintiff's condition in 1958 on a report from a neurosurgeon who examined the plaintiff on July 1, 1957, and concluded:

"Although Mrs. Bowden may have headaches and nervousness and other complaints for the next three to twelve months, it is my opinion that she will make a complete recovery from the injury of May 13, 1957 except for residual surface scars."

The other evidence in the record leads to the conclusion that the plaintiff in fact had complaints for more than twelve months and that her psychological problems prevented her recovery. But this conclusion is not inescapable, and there is evidence from which it is possible to conclude that the plaintiff might have been able on December 31, 1958, to work as a sales clerk or payroll clerk—occupations in which she had actual prior experience.

The reports and testimony were relevant only insofar as they related to the plaintiff's condition on or before December 31, 1958, when her insured status expired. Thus, the plaintiff's arthritis, which, according to her testimony, had not bothered her prior to February, 1965, and her varicose veins, which were not diagnosed before November, 1963, could not be considered in determining whether she had become disabled for social security purposes.

■ It is of course true that, in reviewing the findings of the Secretary, the courts "must not abdicate their tra-

---

13. Ibid.

14. Ibid.

ditional functions; they cannot escape their duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational." [15] By this test, the Secretary's findings are rational; it is not unreasonable to conclude from the record that the appellant could have worked on December 31, 1958, in jobs of a type in which she had prior experience.

## DUE PROCESS

In a supplemental memorandum, the plaintiff suggests that she was denied her right to due process because the government failed to provide her with counsel at government expense during the administrative proceedings. Counsel suggests no authority for this conclusion, and it is elementary that the Constitution require that the government provide lawyers for litigants in civil matters.[16] Those who suggest the desirability of an American Ombudsman advocate that this be achieved by statute, not because the Constitution ordains it.[17] The plaintiff received a fair hearing in full accordance with the requirements of the Statute and of the Fifth Amendment to the Constitution.

## CONCLUSION

Since there is substantial evidence to support the Secretary's decision that the plaintiff has failed to establish that she was disabled within the meaning of the Social Security Act at any time before her insured status ended and that the plaintiff therefore was not entitled to a period of disability or to disability insurance benefits, the defendant's motion for summary judgment is granted.

15. Thomas v. Celebrezze, 4th Cir. 1964, 331 F.2d 541.

16. Hullom v. Burrows, 6th Cir. 1959, 266 F.2d 547, cert. den. 361 U.S. 919, 80 S.Ct. 262, 4 L.Ed.2d 187.

17. Reuss & Munsey, "The United States," The Ombudsman, Ed. Donald C. Rowat (1965: George Allen & Unwin Ltd., Great Britain).