John C. **DEAN**, Appellant,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare of the United States of America, Appellee.

No. 21483.

United States Court of Appeals
Ninth Circuit.

March 29, 1968.

10. Plaintiffs' Exhibit EV–1, pp. 8–9.

William K. Strong (argued), of Tognoni & Pugh, Phoenix, Ariz., for appellant.

Morton Sitver (argued), Asst. U. S. Atty., Richard C. Gormley, U. S. Atty., Phoenix, Ariz., Howard J. Kashner, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

Pursuant to section 205(g) of the Social Security Act, 49 Stat. 624 (1935), as amended, 42 U.S.C. § 405(g) (1964), Jack C. Dean instituted this civil action for review of the Secretary's final decision disallowing Dean's claim for a period of disability and for disability insurance benefits under sections 216(i) and 223 of the Act, 64 Stat. 492 (1950) and 70 Stat. 815 (1956), as amended 42 U.S.C. §§ 416(i), 423 (1964). The district court granted summary judgment in favor of the Secretary on September 28, 1966, and Dean appeals.

Dean's application for disability benefits was filed on June 12, 1964. The application alleged that, because of a back injury suffered on April 30, 1961, Dean had been unable to engage in substantial gainful activity since that date. Following an initial denial, a hearing was held on May 10, 1965. The hearing examiner held that the evidence failed to establish that Dean was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. * * *" (§§ 216 (i) (1) and 223(c) (2) of Act, 42 U.S.C. §§ 416(i) (1), 423(c) (2) (1964)). On February 18, 1966, the Appeals Council reviewed the case and, after applying the 1965 amendments to the Act,[1] adopted the hearing examiner's decision and entered a final decision denying Dean's disability claim.

The question for determination in the district court and in this court is whether there is substantial evidence in the agency record to support the finding of the Secretary that Dean failed to sustain his burden of showing that he was disabled within the meaning of the Social Security Act.

The opinion of this court in Rosin v. Secretary of Health, Education and Welfare, 9 Cir., 379 F.2d 189, was decided on May 29, 1967, after Dean's claim was processed by the hearing examiner and the Appeals Council, and after the district court review. In Rosin we set out, in precise terms, the correlative burdens of a claimant and the Secretary in the matter of satisfying the statutory requirement that a claimant be unable to engage in any substantial gainful activity. While we there intended to state only the settled law on the subject, the manner of doing so provided a general clarification which, as before noted, was not available at the time of the agency action. Appellant here relies heavily upon the principles stated in Rosin, and for this reason counsel for the Secretary urged, at oral argument, that we remand

1. The 1965 amendments in relevant part, changed the requirement under sections 216(i) and 223 of the Act that a disability must be expected to be of long-continued and indefinite duration. Under the amendments the impairment must be expected to result in death or last, or can be expected to last, for a continuous period of not less than twelve months. 79 Stat. 367, 42 U.S.C. §§ 416(i), 423 (Supp. II, 1965).

the cause to the Secretary for reconsideration in the light of *Rosin.*

Another development has also occurred since oral argument and submission of this case to this court. On January 2, 1968, Congress adopted the Social Security Amendments of 1967. Pub.L.No. 90–248, 81 Stat. 821, 1967 U.S.Code Cong. & Ad. News, pp. 923–1064. Section 158(b) of the amending act retains the definition of "disability" as quoted above. However, section 223(d) (3) of the Act now defines a "physical or mental impairment" as:

" * * * an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Further, under these amendments, once it is found that the claimant is suffering from such an impairment, the impairment or impairments must be of such severity that the claimant

" * * * is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." (§ 223(d) (2) (A) of Act)

In addition, it is possible that the Social Security Amendments of 1967 change the burden of proof as defined in

*Rosin* (see § 223(d) (5) of Act), but we do not decide this question at this time.

At the outset we must determine whether these amendments apply to this case. Subsection (e) of section 158 of the amending act, supra, provides that that section shall apply to applications filed before January 2, 1968, where a civil action has been commenced under section 205(g), 42 U.S.C. § 405(g) (1964), of the Social Security Act to review a decision of the Secretary "and the decision in such civil action has not become final * * *." prior to that date.

We conclude that, as to cases now pending before this court, the decision has not become final and, therefore, the 1967 amendments are applicable. See *Whitt v. Gardner,* 6 Cir., 389 F.2d 906 (decided on February 17, 1968).[2]

After reviewing the record in the case now before us, we find that this is an appropriate case to remand to the Secretary for further consideration in light of the recent amendments to the disability provisions of the Act.

The evidence reveals that, at the time of his back injury in 1961, Dean was forty-nine years old, had seven years of formal education, and had engaged in heavy labor most of his life. The injury occurred when Dean fell on his back on a concrete floor while carrying a stack of dishes. Six months later a disc was removed from his back and a spinal fusion was performed. Since the operation Dean has complained of low back pain, right leg pain (toe droop), shoulder pain, and numbness in his upper right arm. Although he is able to take short walks and drive a car for short distances, Dean complains that his pains are increased by activity and he get headaches and becomes nervous.

In his application for Social Security disability benefits, Dean alleged only the

**2.** Section 158(e) of the amending act now under discussion contains the same language as the 1965 amendments discussed in note 1, supra. 79 Stat. 638 (1965). The 1965 amendments were also held applicable to cases then pending before circuit courts. Nichols v. Gardner, 8 Cir., 361 F.2d 963, 967; Sergeant v. Gardner, 6 Cir., 361 F.2d 334; Byrd v. Gardner, 5 Cir., 358 F.2d 291, 292.

back injury as the source of his inability to engage in substantial gainful activity. The medical examiners that testified were in agreement that Dean was only suffering from a fifteen percent general physical functional disability. There is also sufficient evidence to support a finding that Dean is physically capable of performing light work, such as a watchman.

It is apparent from reading the administrative record, however, that in addition to his physical disability, Dean may also be suffering from "psychological abnormalities" as that term is used in the new enactment. All three of the psychologists who testified, Drs. H. W. Pittman, B. G. Farestad and W. B. McGrath agreed that Dean was not consciously malingering and that his existing or pre-existing personality problems may be causing an unconscious exaggeration of his physical ailments.

While the hearing examiner's decision recognized that Dean may be suffering from an impairment of a psychogenic origin, the decision states that in order for a neurosis or psychoneurosis to be of disabling severity, "it must be shown to be persistently deep-seated and accompanied by symptoms which are themselves disabling."

We find no such requirement under the 1967 amendments to the Act. The only question is whether the psychological abnormality is "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." (223(d)(3) of Act) On the basis of the record now before us, we are unable to make this determination.

The considerations reviewed above lead us to conclude that this cause should be remanded to the Secretary for further consideration in the light of Rosin v. Secretary of Health, Education and Welfare, 9 Cir., 379 F.2d 189, and of Social Security Amendments of 1967, enacted January 2, 1968. Upon remand the parties should be permitted to introduce additional evidence bearing on the extent of Dean's disabilities and his ability to engage in substantial gainful activity.

So ordered.