JUDITH AIELLO *vs.* COMMISSIONER OF PUBLIC WELFARE (and a companion case[1]).

Suffolk.     May 8, 1970. — July 2, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Public Welfare. Constitutional Law,* Due process of law, Equal protection of laws.

Neither the due process clause nor the equal protection clause of the Fourteenth Amendment to the Federal Constitution, nor any provision of G. L. c. 118 or c. 118D, required payment by municipal welfare departments of reasonable counsel fees incurred by indigent residents of the municipalities in prosecuting appeals from the local departments to the Department of Public Welfare.

---

[1] Anne Giordano, administratrix, *vs.* Commissioner of Public Welfare.

PETITIONS for review filed in the Superior Court on January 13, 1967, and July 5, 1966.

The cases were heard by *Mitchell,* J.

*Alan G. Macdonald,* Deputy Assistant Attorney General (*Gregor I. McGregor,* Deputy Assistant Attorney General, with him), for the respondent.

*Colette Manoil* for the petitioners.

SPIEGEL, J. These petitions, consolidated for trial, were brought pursuant to G. L. c. 30A, § 14, seeking review of the decisions of the Department of Public Welfare (department) denying the petitioners' claims, under G. L. c. 118 and c. 118D respectively,[2] for counsel fees incurred by them in prosecuting appeals before the department. The trial judge made "Findings of Fact, Rulings of Law and Orders for Decrees." Final decrees were entered which "set aside" the decisions of the department and ordered that the department in each case "enter a decision that . . . [the petitioner] is entitled to payment for counsel fees in prosecuting an appeal." The Commissioner of the department (Commissioner) appealed from the final decrees. The evidence is reported.

The sole issue before the judge was "whether the [d]epartment must order the respective cities' welfare departments as a matter of law to pay the reasonable counsel fees for services rendered at 'fair hearings' held by the department." The judge held that counsel was necessary to afford the petitioners a fair hearing under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and that they could not have meaningfully prosecuted their appeals from the local agencies without assistance of counsel. The judge found that the petitioners were indigent and ruled that they were entitled to counsel fees incurred in their welfare appeals. He also found that the fees charged were "fair and reasonable."

---

[2] General Laws c. 118 provides, "Aid to Families with Dependent Children" and c. 118D provides, "Assistance to Persons who are Disabled."

The Commissioner contends that the due process clause of the Fourteenth Amendment to the Constitution of the United States does not require the payment of the petitioners' legal fees. We agree.

In the recent case of *Goldberg, Commr. of Social Serv. of N. Y.* v. *Kelly,* 397 U. S. 254, the Supreme Court of the United States held that a welfare recipient is entitled to a pre-termination hearing before welfare benefits are suspended or discontinued and that such hearing must comport with "rudimentary" due process standards and afford the recipient "an opportunity to confront and cross-examine the witnesses relied on by the department." *Id.* at 270. Although recognizing that "[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel," the court nevertheless concluded by stating, "We do not say that counsel must be provided at the pre-termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires." *Id.*

We believe that the principles set forth in the Goldberg case are equally applicable to hearings for the determination of original eligibility for public assistance and to hearings for the determination of the propriety of increased disability assistance. While it is clear that the petitioners had the right to retain counsel to prosecute their appeals, "it is elementary that the Constitution does not provide a requirement that the government provide lawyers for litigants in civil matters. Those who suggest the desirability of an American Ombudsman advocate that this be achieved by statute, not because the Constitution ordains it."[3] *McGaughy* v. *Gardner, Secretary of Health, Educ. & Welfare,* 296 F. Supp. 33, 36 (E. D. La).

We perceive no violation of the equal protection clause of the Fourteenth Amendment in not providing an attorney

[3] A new regulation by the Department of Health, Education and Welfare, 34 Fed. Reg. 1144 (1969), scheduled to take effect in July, 1970, 34 Fed. Reg. 13595 (1969), gives recipients a right to appoint counsel at "fair hearings." 45 C. F. R. § 205.10 (34 Fed. Reg. 1144 [1969]); 45 C. F. R. § 220.25 (34 Fed. Reg. 1356 [1969]).

for an appellant at a welfare hearing. The right to appeal is available to all persons, and there is no invidious discrimination in the appeal procedure. The law is equally applicable to all those who wish to pursue "avenues of appellate review." Compare *Rinaldi* v. *Yeager, Warden*, 384 U. S. 305, 310–311. This is so irrespective of the fact that some potential recipients may be able to afford counsel and others may not.

Further, we do not interpret either G. L. c. 118 or c. 118D as being a statutory mandate which entitled the petitioners to payment for legal fees incurred in their welfare appeal hearings.

The decrees are reversed. New decrees are to be entered affirming the decisions of the department.

*So ordered.*