Manuel A. VEGA, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.**

No. Civ. 460-69.

United States District Court,
D. Puerto Rico.

Sept. 29, 1970.

E. Vazquez Otero, San Juan, P. R., for plaintiff.

Wally De La Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

Plaintiff is before the Court seeking review under 42 U.S.C. § 405(g) of the decision of the Secretary of Health, Education and Welfare denying an application filed by him on July 22, 1968 to establish a claim for disability insurance benefits under the provisions of the Social Security Act.

Plaintiff asks the Court to decide whether from the record as a whole, the decision of the Secretary of Health, Education and Welfare that the plaintiff has failed to establish his inability to engage in any substantial gainful activity by reason of his alleged impairments is supported by substantial evidence. From the record submitted, plaintiff bases his claim for disability in that he is unable to work due to a nervous condition since March 1955 (Tr. 42).

Before entering into the merits of the case, this Court issued on June 11, 1970, the following order with relation to the constitutional right of plaintiff, Manuel A. Vega, to be represented by an attorney in a proceeding of this type:

"The defendant in this case states in its memorandum that the only issue to be decided is whether the decision of the Secretary is supported by substantial evidence. However, plaintiff in his memorandum has raised certain additional issues hinging on the right to court-appointed counsel in this type of administrative proceeding, and its impact on a possible absence of due process ensuing from a denial thereof.

This Court has worried deeply for several years about having to affirm findings and decisions supported by substantial evidence on the basis of records of proceedings in which the plaintiff (applicant) was not represented by an attorney, and at which he presented little or no evidence, and where there was no intelligent argumentation on behalf of the plaintiff's position.

Keeping this problem in mind, the Government should file a reply memorandum with emphasis on the *constitutional* right to due process in proceedings of this type. As the Court is most concerned about this, it wishes to give the Government sufficient time for a complete study of the problem. Therefore, the defendant is granted fifteen (15) days from receipt of this order in which to reply to plaintiff's memorandum.

IT IS SO ORDERED.

San Juan, Puerto Rico, June 11, 1970.

/S/ Hiram R. Cancio
Chief Judge"

Attorneys for defendant filed on July 20, 1970 the brief in reply to plaintiff's brief, and in conformity with the order of June 11, 1970, aforementioned.

Plaintiff received notification of his right to be represented by an attorney or other qualified person of his choice (Tr. 16).

It has been expressly held that where a claimant receives such notice but does not avail himself of counsel representation, he is not denied a full and fair hearing. Thus, in Steimer v. Gardner, 395 F.2d 197, 198 (9 Cir., 1968) the Court of Appeals held:

"Only one of the items cited by appellant as examples of the Secretary's misleading statements appears in the record. That document is the 'Notice of Hearing.' It does state that a lawyer is not required, but that representation is permitted, applicant being responsible for the lawyer's fee. Moreover, the same notice provides extensive information as to the requirements for disability benefits, and informs appellant of the date as of which she had to prove disability. In addition, the hearing examiner more than once indicated to appellant that more information, especially from Dr. Whiting, would be helpful in properly assessing her claim of disability. We conclude that the record does not establish that appellant was misled as to her right to be represented by counsel, and that she received a full and fair hearing."

Accord: Paul v. Celebrezze, 337 F.2d 352 (9 Cir., 1964), cert. denied 381 U.S. 906, 85 S.Ct. 1452, 14 L.Ed.2d 287 (1965); Brasher v. Celebrezze, 340 F.2d 413 (8 Cir., 1965).

It has been explicitly held that the Constitution does not require that the Government provide lawyers for litigants in civil matters and that due process does not require the Secretary to provide counsel at Government expense during administrative proceedings. This was stated in McGaughy v. Gardner, 296 F.Supp. 33, 36 (E.D.La., 1961) as follows:

"In a supplemental memorandum, the plaintiff suggests that she was denied her right to due process because

the government failed to provide her with counsel at government expense during the administrative proceedings. Counsel suggests no authority for this conclusion, and it is elementary that the Constitution does not provide a requirement that the government provide lawyers for litigants in civil matters. Those who suggest the desirability of an American Ombudsman advocate that this be achieved by statute, not because the Constitution ordains it. The plaintiff received a fair hearing in full accordance with the requirements of the Statute and of the Fifth Amendment to the Constitution."

See, also, Ussi v. Folsom, 254 F.2d 842 (2 Cir., 1958); Meola v. Ribicoff, 207 F.Supp. 658 (S.D.N.Y., 1962); Butler v. Folsom, 167 F.Supp. 684 (W.D.Ark., 1958).

■ Having been afforded the opportunity for counsel representation, the plaintiff was not denied due process during the administrative hearing at which he appeared without such representation. Moreover, it has been held that absence of counsel during the prior administrative proceedings does not constitute "good cause" pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g) for remand of the case for further administrative proceedings. In Cross v. Finch, 427 F.2d 406 (5 Cir., decided 6/10/70), the Court of Appeals for the Fifth Circuit held in this respect as follows:

"We consider, finally, the claimant's argument that his lack of counsel at the administrative hearing requires a remand of this case to the Secretary. The record shows that Cross was given written notice that he could be represented by a lawyer of his choosing at the hearing and that he was orally informed of this fact at the hearing itself. He then chose to forego representation by a lawyer. We conclude that his lack of representation does not warrant a remand under the circumstances here. Cross received a full and fair hearing, and there has been no showing of such a clear prejudice or unfairness to Cross caused by his lack of counsel as would warrant a reconsideration of his claims by the Secretary. See Domozik v. Cohen, 3 Cir., 1969, 413 F.2d 5; Steimer v. Gardner, 9 Cir., 1968, 395 F.2d 197. The summary judgment in favor of the Secretary was correct."

See also Domozik v. Cohen, 413 F.2d 5 (3 Cir., 1969); Steimer v. Gardner, supra; Rushing v. Finch, 310 F.Supp. 848 (N.D.La., 1970).

Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), cited by the plaintiff, has no applicability to this proceeding. That case involved the question of whether due process required the plaintiff to be afforded a hearing prior to termination of *welfare* benefit payments. This proceeding, on the other hand, is for benefit payments under Title II of the Social Security Act and is a claim for initial entitlement to disability insurance benefits; not a termination. Plaintiff has already been afforded a hearing at which he had the opportunity to be represented by counsel. Although the plaintiff quotes from the *Kelly* opinion to support his position that actual counsel representation is prerequisite to due process herein, it is clear that the Supreme Court did not hold even in the *Kelly* context that actual counsel representation was indispensable to due process. The decision there involved only the welfare recipient's opportunity to present his case at a hearing with or without counsel.

Upon the above mentioned facts, this Court finds plaintiff was not denied procedural due process, by the absence of representation by a court-appointed attorney at the administrative hearing.

We now enter into the merits of the case. The evidence of record fully supports the denial of plaintiff's claim. Plaintiff has not shown to have an impairment or a combination of impair-

ments that render him unable to engage in substantial gainful activity.

The medical evidence shows that plaintiff's problems are mental rather than physical. However, the Veterans Administration records show that plaintiff was psychiatrically evaluated for the first time in October 1957, a full year after the expiration of his insured status. Schizophrenia was diagnosed and the plaintiff was found incompetent, but one year later, psychiatric examination found plaintiff essentially normal and competent. Although examinations in 1967 and 1968 revealed schizophrenia, plaintiff at all times has been declared competent.

No definite medical findings support the statement by Dr. Najul Bez that he treated the plaintiff frequently from July 1955 to December 1965. Neither the plaintiff nor his wife mentioned this physician in their testimony at the February 1969 hearing. Therefore, the plaintiff has failed to show his mental condition became disabling by September 30, 1956, or that it remained disabling 'continuously for at least 14 months prior to the July 22, 1968 filing date of his application, as prescribed under section 216(i) (2) (D) and (E) of the Act, 42 U.S.C.A. § 416(i) (2) (D) and (E). However, assuming plaintiff was temporarily disabled in 1957, a condition which becomes disabling after a claimant last meets the special earnings requirement cannot be the basis for a finding of disability. Marshall v. Gardner, 298 F.Supp. 542 (S.D.W.Va.1968).

The fact that the Veterans Administration awarded the plaintiff a non-service connected disability pension is not binding upon the Secretary. Darter v. Cohen, 299 F.Supp. 473 (W.D. Va.1969); Schmidt v. Secretary of Health, Education, and Welfare, 299 F. Supp. 1315 (D.P.R.1969).

It is therefore ordered that the complaint be and it is hereby dismissed.

It is so ordered.