Luis Roman ZENO, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.

Civ. No. 16–70.

United States District Court,
D. Puerto Rico.

Dec. 28, 1970.

■■■■■■

——◆——

Nachman, Feldstein, & Gelpi, represented by Salvador Antonetti, San Juan, P. R., for plaintiff.

Wally De La Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## OPINION AND ORDER

CANCIO, Chief Judge.

Once again this Court must face the problem of whether there is substantial evidence, taking the record as a whole, to sustain or reverse the final decision of the Secretary of Health, Education and Welfare, 42 U.S.C.A. 405(g). And once again this Court must face the awesome responsibility of weighing, within the limits of the substantial evidence rule, a record that is less than impartial, occasioned principally by the absence of counsel on behalf of the claimant.

■ Disability benefits under the Social Security Act were designed as remedial legislation. It was presumed that the Agency would look after the interest of the poor, the handicapped and the illiterate and that counsel would not be a necessity. Experience has taught us otherwise.

■ Lack of representation by counsel at an administrative hearing such as this, is not a denial of due process. McGaughy v. Gardner, E.D.La.1967, 296 F.Supp. 33; McGaughy v. Gardner, E.D. La.1967, 264 F.Supp. 820; Meola v. Ribicoff, S.D.N.Y.1962, 207 F.Supp. 658; See also Steimer v. Gardner, 9 Cir. 1968, 395 F.2d 197; Ussi v. Folsom, 2 Cir. 1958, 254 F.2d 842; Vega v. Secretary of Health, Education and Welfare, 321 F.Supp. 553, September 29, 1970; Domingo Moran v. Secretary of Health, Education and Welfare, Civil No. 559–69, September 29, 1970. But this Court and other federal courts[1] have been troubled by this lack, even in civil matters, where a litigant with an apparent just claim, needs a degree of sophistication in the presentation of evidence, cross-examination and a knowledge of the existing case law, the statute, and its legislative history, in order to present his case. It is, therefore, somewhat startling to read a record where it is established that the claimant has never gone to school; cannot read or write; where the question of a subsequent fracture to the same leg is never clarified; where Vocational Rehabilitation has not considered him qualified to train for any work other than the heavy labor he had previously done (and for which he is no longer qualified); where the claimant does not know the places where he worked; and where a "vocational expert" is the only witness called besides the plaintiff—and to expect this humble individual to adequately cross-examine this expert, or to object to the basis of his testimony like an experienced lawyer, puts him in a position of having less than a fair hearing.

1. (a) Crowder v. Gardner, D.S.C.1966, 249 F.Supp. 678, 680.
"It is appropriate, in light of the hearing examiner's remarks, that the matter be remanded to the Secretary, with direction that a complete study be made so that all the necessary evidence will be before the trier of fact. It is axiomatic that judgments, judicial or administrative, should not rest on less than all the reasonably available evidence. It is no satisfactory argument to say that plaintiff did not produce all the possible evidence in his own behalf when it clear he was without counsel and unlearned, particularly when it appears that the hearing examiner is aware that a bit more development will probably enable plaintiff to satisfactorily carry his burden of proof."
(b) Arms v. Gardner, 6 Cir. 1965, 353 F.2d 197, 199.
"A careful review of the record however discloses that the claimant did not have the proper representation to which he was entitled at the hearing before the Examiner * * *
"Accordingly, * * * the case is remanded with direction * * * that a rehearing be granted * * * to present additional testimony and evidence."
(c) See also Hall v. Celebrezze, M.D. N.C.1963, 217 F.Supp. 905.

If the lack of counsel at the administrative stage were the only issue involved herein, the Court, under the law, would be without power to change the Secretary's findings. Taking the record as a whole, it is apparent that the record is incomplete and the plaintiff should be given an opportunity to both question the evidence presented by the Social Security Administration and present evidence in his own behalf.

■■ After the onset of his disability, the plaintiff was awarded a period of disability and disability benefits were paid for two years and then terminated on the ground that the disability had allegedly ceased. However, the Government conceded that he could not return to his former employment. At the outset, then, the burden was upon the Government to prove that the claimant could do other substantial gainful work and that such work was available in the region in which claimant lived. Mullins v. Cohen, 6 Cir. 1969, 408 F.2d 39. At that point, the Hearing Examiner, as an impartial Judge, should have developed proof that the plaintiff could do other substantial work. Cf. the admonition or reviewing the evidence with a critical eye. Universal Camera Corp. v. N.L. R.B., 1965, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

■ Such evidence may not be a scintilla but must be relevant and sufficient to convince a reasonable mind. Berven v. Gardner, 8 Cir. 1969, 414 F.2d 857, 860–861. Here the evidence is that plaintiff is 47, unskilled, unschooled, unlettered. A vocational expert testified as to the jobs plaintiff could perform (without the record ever substantiating the existence of subsequent injury) from publications unnamed and undated. This was the only evidence offered and it is clearly insubstantial. Colwell v. Gardner, 6 Cir. 1967, 386 F.2d 56, 66; Hayes v. Gardner, 4 Cir. 1967, 376 F.2d 517, 521; Baker v. Gardner, 3 Cir. 1966, 362 F.2d 864, 868–870.

Now, that plaintiff has procured counsel [2], a hearing may be had where all of the facts concerning plaintiff's physical impairments, his ability to perform any substantial gainful activity and the existence of such potential jobs in the economy in where plaintiff resides can be developed. Accordingly, this matter is remanded to the Secretary with instructions that a re-hearing be scheduled as expeditiously as possible.

---

2. "In an area such as Puerto Rico where there are so many illiterates and unschooled claimants, mostly due to the fact that universal education was not a reality in Puerto Rico at the time that the vast majority of the persons who are now of sufficient age to be working, and more so, of sufficient age to be more prone to become disabled, were of school age.

The court would welcome the cooperation of the Bar and Law Schools in providing legal assistance to indigent claimants before administrative tribunals. I do not think it would be so difficult to put in effect a plan to achieve this needed service."