Phyllis C. NIESSE, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 93–2076.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1993.

Decided Feb. 28, 1994.

Counsel who presented argument on behalf of the appellant was Marty D. Nerenston of Council Bluffs, Iowa.

Counsel who presented argument on behalf of the appellee was Jamie G. Crawford of Kansas City, Missouri. The names of Christopher D. Hagen and Robert C. Dopf of Des Moines, Iowa and Frank V. Smith III and Jamie G. Crawford of Kansas City, Missouri, appear on the brief of the appellee.

Before JOHN R. GIBSON * and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BARTLETT,** District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Phyllis Niesse suffered a stroke in May, 1990. Shortly thereafter, she applied for supplemental security income (SSI) benefits as a disabled person. *See* 42 U.S.C. § 1382(a)(1). After a hearing, *see* 42 U.S.C. § 1383(c)(1)(A), *see also* 20 C.F.R. §§ 416.-1429–416.1455, an administrative law judge ruled in late 1990 that she was entitled to those benefits. *See* 42 U.S.C. § 1381a; *see also* 42 U.S.C. § 1382c(a)(1), § 1382c(a)(3), and 20 C.F.R. § 416.202, § 416.905(a), § 416.920.

The monthly amount that Ms. Niesse received was reduced by one-third for each month when Ms. Niesse was living with her daughter and son-in-law and being supported by them. *See* 42 U.S.C. § 1383(a)(2)(A)(i); *see also* 20 C.F.R. § 416.1130(c), § 416.-1131(a). After initial denials of reconsideration and a subsequent hearing, an administrative law judge ruled in mid–1991 that it was proper for the amounts to have been reduced. *See* 42 U.S.C. § 1383(c)(1)(A); *see also* 20 C.F.R. §§ 416.1400–416.1402, § 416.-1405, §§ 416.1407–416.1413a, §§ 416.1429–416.1455. The Appeals Council of the Social Security Administration denied further review in early 1992. *See* 20 C.F.R. §§· 416.-1467–416.1481.

Ms. Niesse filed in federal court for judicial review of the administrative ruling with respect to the reduction of her benefits. *See* 42 U.S.C. § 1383(c)(3); *see also* 42 U.S.C. § 405(g). While the case was pending, Ms. Niesse moved to amend her complaint to add references to a recent administrative policy change regarding in-kind support and loan arrangements and to allow the case to be pursued as a class action. The district court denied both requests. In mid–1993, the district court granted the government's motion for summary judgment. Ms. Niesse appeals both the order denying her motion to supplement and amend and the order granting summary judgment. We affirm the order denying Ms. Niesse's motion to supplement and amend. We vacate the order granting summary judgment and remand the case for further administrative proceedings.

## I.

Ms. Niesse lived with her daughter and son-in-law for several months before she was approved for supplemental security income benefits. She argued to the administrative law judge and the Appeals Council that although her daughter and son-in-law were supporting her during that time, that support was only a loan, to be repaid in the amount of $100 for each month that she lived with them. The administrative law judge, and then the Appeals Council, found, however, that there was no loan arrangement between Ms. Niesse and her daughter and son-in-law.

The administrative law judge's opinion cited a section of the Social Security Administration policy manual (SI § 00835.480) in dis-

---

* THE HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted; he took senior status on January 1, 1994, before this opinion was filed.

** The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri, sitting by designation.

cussing that finding. According to testimony at the hearing, that section required the actual exchange of cash to validate assertions of a loan arrangement and, in fact, forbade the finding of a loan arrangement unless such an exchange had occurred. (Inexplicably, no copy of that version of the section was submitted to this court, although SI § 00835.160, a related section, was submitted.)

The provisions of that section were changed in late 1991, after the administrative law judge's decision but before the Appeals Council decision. The revised section removed the ban on finding a loan arrangement absent an actual exchange of cash and allowed the finding of a loan arrangement in circumstances where the SSI recipient had an obligation to repay some amount for support received earlier from another person. Although the new policy was effective and had been transmitted in late 1991 to offices dealing with SSI applications, it was not incorporated into the policy manual until July, 1992; what was apparently the first administrative ruling on the question (SSR 92–8p) was not published in the *Federal Register* until early September, 1992.

Ms. Niesse had filed her complaint for judicial review in May, 1992. Two weeks after the administrative ruling on the policy change was published, Ms. Niesse moved to amend her complaint to add references to the administrative policy change and to allow the case to be pursued as a class action (the class was to consist of persons whose SSI benefits had been reduced as the result of an unfavorable finding on the issue of a loan arrangement based on in-kind support). After a hearing and oral argument, the district court denied the motion.

In its order of denial, the district court summarized the primary issue in the case— whether Ms. Niesse had established a loan arrangement—and stated that the "action [was] near submission to the court," that "no further discovery [was] required," and that "all that remain[ed] to be prepared [were] the parties' briefs." The district court also stated that if the motion were granted, "several months of additional discovery" would be required to deal with the question of class

certification. Ms. Niesse argues on appeal that the district court's order was an abuse of discretion. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

■ We disagree. We believe that the district court was correct in noting that considerable additional discovery would be required to deal with the question of class certification. Under those circumstances, the district court's decision with respect to the request to amend was not an abuse of discretion. *See, e.g., Davis v. United States,* 961 F.2d 53, 57 (5th Cir.1991); *Gladhill v. General Motors Corp.,* 743 F.2d 1049, 1052 (4th Cir.1984); and *Stepanischen v. Merchants Despatch Transportation Corp.,* 722 F.2d 922, 933 (1st Cir.1983). *See also* 6 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 2d § 1488 at 674 (1990). We note, in addition, that because of the grounds (described below) on which we are remanding the case, the request to supplement is moot.

II.

Each unmarried recipient of supplemental security income benefits receives a fixed amount under the statute. *See* 42 U.S.C. § 1382(b)(1). That fixed amount is "reduced by the amount of income" to the SSI recipient. *Id.* Under the applicable regulations, loans are not income. *See* 20 C.F.R. § 416.-1103(f). "Income" may include, however, "support and maintenance furnished in cash or in kind." *See* 42 U.S.C. § 1382(a)(2)(A); *see also* 20 C.F.R. § 416.1102, § 416.1104, § 416.1120, § 416.1121(h).

■ As noted earlier, in interpreting those provisions of the statute and regulations, the Social Security Administration policy manual originally barred a finding that in-kind support could be construed as a loan unless the SSI recipient could show that cash had actually been exchanged. Indeed, the administrative law judge cited that section of the policy manual in his discussion of whether Ms. Niesse had a loan arrangement with her daughter and son-in-law. Apparently in response to several court cases construing the statute and regulations, however, *see, e.g.,*

*Ceguerra v. Secretary of Health and Human Services,* 933 F.2d 735, 741–42 (9th Cir.1991), and *Hickman v. Bowen,* 803 F.2d 1377, 1381–82 (5th Cir.1986), *see also Ruppert v. Bowen,* 871 F.2d 1172, 1178 (2d Cir.1989), the policy manual was changed in late 1991.

We have reviewed all of the materials submitted, including the transcripts of Ms. Niesse's original hearing on the question of disability and the subsequent hearing on the question of whether her benefits should have been reduced because of the in-kind support she received from her daughter and son-in-law. It is not at all clear to us that either the administrative law judge or the Appeals Council considered more than the single question of whether cash was actually exchanged in determining that there was no loan arrangement between Ms. Niesse and her daughter and son-in-law. We recognize that the administrative law judge found not credible the testimony of Ms. Niesse and her daughter that they considered the in-kind support provided to have been a loan. We believe, however, that that finding may have been impermissibly influenced by the regulation that recognized only loans made with cash.

We therefore remand the case for further consideration in light of the judicial construction of the statute and regulations, and the administrative policy change, with respect to in-kind support and loan arrangements. *See, e.g., Ruppert,* 871 F.2d at 1178, and *Hickman,* 803 F.2d at 1377. We direct the district court to enter an order remanding the case to the appropriate agency for further administrative proceedings.

### III.

For the reasons stated, we affirm in part and vacate and remand in part.