

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2004

# Coppola v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Coppola v. Comm Social Security" (2004). *2004 Decisions.* Paper 705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3293

DEBRA K. COPPOLA,
                                          Appellant
                  v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-00784 )
District Judge:   Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2004
Before:   NYGAARD, McKEE, and WEIS, Circuit Judges.
(Filed May 14, 2004)
_____

OPINION
_____

WEIS, Circuit Judge.

        The claimant in this Social Security Disability case was a legal secretary for

some 27 years.  She was age 47 at the time of her hearing before an ALJ in 2001.

Claimant asserts that she has been unable to work in her previous capacity since

1

December 1998 as a result of injuries to her right shoulder incurred in an automobile accident in July of that year.

Claimant underwent surgical procedures to her right shoulder in 1998, 1999 and 2000 and received other forms of treatment including physiotherapy, pain control and various other regimens.

After a hearing, the ALJ found that the claimant's "allegations regarding her limitations are not totally credible." He further found that while "the claimant is unable to perform any of her past relevant work," she nevertheless has the "residual functional capacity to perform a significant range of light work . . . [of which] there are a significant number of jobs in the national economy." Accordingly, the ALJ concluded that the claimant was not entitled to benefits.

After the Appeals Council had affirmed the ALJ's decision, claimant appealed to the United States District Court for the Western District of Pennsylvania. The court entered summary judgment for the defendant, citing the ALJ's conclusion that "Plaintiff could perform light exceptional work with no repetitive right arm use, no overhead reaching, and no extensive writing." Coppola v. Barnhart, No. 02-0784, at 5 (W.D. Pa. filed June 18, 2003).

The District Court noted that the "ALJ found that Plaintiff's statements and testimony concerning her pain and its impact on her ability to work were not entirely credible in that her stated limitations were far in excess of the supporting medical

2

evidence." Id. at 9. Acknowledging that the claimant had a severe impairment, the court nevertheless concluded that, in deference to the credibility determination by the ALJ and the evidence of record, claimant was not disabled within the meaning of the Social Security Act.

In the course of his review, the district judge agreed with the ALJ that claimant did not meet the requirements of Social Security listing 1.13, 20 C.F.R. Pt. 404, subpt. P, App. 1. At the time of the administrative hearing, that listing addressed soft tissue injuries of an upper or lower extremity "requiring a series of staged surgical procedures within 12 months after onset . . .." Although there were three surgeries in this case, we conclude that the District Court did not err in holding that they did not constitute "staged procedures." The claimant's interpretation of the regulation would, in effect, remove the term "staged" from the regulation – a critical requirement for its application.

After the ALJ's decision, however, listing 1.13 was deleted and a new listing, 1.08 was substituted. Rather than "staged surgical procedures," the amendment discusses soft tissue injury of an upper or lower extremity "under continuing surgical management" and refers to section 1.00 (M) for the definition of that term. See 20 C.F.R. Pt. 404, subpt. P, App. 1, Part A § 1.08. According to that section, "[u]nder continuing surgical management . . . refers to surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part. It may include such factors as post-surgical procedures, surgical

complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy." 20 C.F.R. Pt. 404, subpt. P, App. 1, Part A § 1.00M.

The change in language was made after the ALJ decided the case, but before the Appeals Council reviewed the claim. The Council did not, however, discuss the issue or even indicate that it believed the amendment was relevant. We believe that the deletion of "staged surgical procedures" and the substitution of more general language is significant, and might possibly be read by the Social Security Administration to entitle the claimant to benefits.

Thus, we are presented with a regulation whose application to the case before us has not been considered by the agency. If it is determined that the new regulation is more favorable to the claimant than the original version, she should be entitled to rely on the more expansive construction. See Niesse v. Shalala, 17 F.3d 264, 267 (8th Cir. 1994); Dean v. Gardner, 393 F.2d 327, 330 (9th Cir. 1968). In these circumstances, and giving due deference to the administrative process, we will direct that the case be remanded to the Social Security Administration for its interpretation of section 1.08. We intimate no view on how the issue should be determined.

Accordingly, the judgment of the District Court will be reversed and the matter will be remanded with directions to remand to the Social Security Administration.