Alfred F. BOHMS, Appellant,

v.

John W. GARDNER, Secretary of Health,
Education and Welfare, Appellee.

No. 18605.

United States Court of Appeals
Eighth Circuit.

Aug. 8, 1967.

Charles Lacey, Sioux Falls, S. D., for appellant.

Gene R. Bushnell, Asst. U. S. Atty., Sioux Falls, S. D., for appellee. Harold C. Doyle, U. S. Atty., Sioux Falls, S. D., was with him on the brief.

Before VAN OOSTERHOUT, BLACKMUN and LAY, Circuit Judges.

BLACKMUN, Circuit Judge.

Alfred F. Bohms, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), instituted this action for review of the Secretary's final decision disallowing Bohms' claim for a period of disability and for disability insurance benefits under the definitions in § 216(i) (1) (A) and § 223(c) (2) of the Act, 42 U.S.C. § 416(i) (1) (A) and § 423(c) (2).

The claimant's application, filed in August 1963, was initially denied administratively and was denied again on reconsideration. He asked for a hearing. One was held but the examiner's decision was also adverse. Then the Appeals Council denied Bohms' request for review.

At that point the claimant retained an attorney and this suit was brought.

The defendant-Secretary filed with his answer, as required by § 205(g), a certified copy of the transcript of the administrative record. Both sides moved for summary jurisdiction. Judge Nichol denied these motions and entered judgment reversing the decision of the Secretary and remanding the case to the Secretary "for the purpose of rehearing" and for the taking of such additional evidence as the respective parties deemed appropriate.* The court's unreported supporting memorandum reveals that he entertained reservations about the correctness of the standard of disability employed by the hearing examiner; about the claimant's confusion, in a proceeding where he was not represented by counsel, as to his burden of proof and his right to cross examine; and about the absence in the record of possibly pertinent documentary evidence.

Bohms appeals from those parts of the district court's judgment which remand the matter to the Secretary and which fail "to adjudicate that the Secretary be ordered to forthwith pay to the plaintiff disability insurance benefits as prayed for". His motion for leave to appeal in forma pauperis was denied by the district court on the grounds that the appeal was not taken in good faith, within the meaning of 28 U.S.C. § 1915(a), and that the "judgment * * * is not an appealable order". Judge Nichol also expressly refused to issue the certificate which is required for an appeal under 28 U.S.C. § 1292(b). This court waived the printing of the record and authorized the filing of typewritten briefs.

We are immediately and obviously confronted with an issue as to our ap-

---

* Section 205(g), 42 U.S.C. § 405(g), reads in part:

"* * * * The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. * * * *"

pellate jurisdiction. The Secretary urges that Bohms' appeal should be dismissed because the judgment appealed from is not a final decision of the district court.

▇▇▇ Our jurisdiction of appeals from federal district courts is based on the statutory concept of finality: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *." 28 U.S.C. § 1291. Although the Supreme Court has been liberal and pragmatic, and necessarily so, in its approach to this statute and has given it a "practical rather than a technical construction", see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949); Gillespie v. United States Steel Corp., 379 U.S. 148, 152–153, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Brown Shoe Co. v. United States, 370 U.S. 294, 306, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962), finality (subject to exceptions, not applicable here, such as those provided by 28 U.S.C. § 1292(b), 28 U.S.C. § 1651, and Rule 54(b), Fed.R.Civ.P.) is the firmly established requirement.

▇▇▇ Section 1291 has its origin in § 22 of the Judiciary Act of 1789, 1 Stat. 73, 84. The Supreme Court has observed that by it "Congress has long expressed a policy against piecemeal appeals". Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 178–179, 75 S.Ct. 249, 251, 99 L.Ed. 233 (1955). See Switzerland Cheese Ass'n v. E. Horne's Market, Inc., 385 U.S. 23, 24, 87 S.Ct. 193, 17 L.Ed.2d 181 (1966); Di Bella v. United States, 369 U.S. 121, 124–127, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Cobbledick v. United States, 309 U.S. 323, 324–327, 60 S.Ct. 540, 84 L.Ed. 783 (1940); McLish v. Roff, 141 U.S. 661, 665–666, 12 S.Ct. 118, 35 L.Ed. 893 (1891); United States v. Bailey, 9 Pet. (34 U.S.) 267, 272, 9 L.Ed. 124 (1835); 6 Moore's Federal Practice (Second Edition, 1966), par. 54.11 and .12 [1].

▇▇▇ The Supreme Court, in Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945), has given us a definition:

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

This court, of course, has accepted and utilized that definition. Smith v. Sherman, 349 F.2d 547, 551–552 (8 Cir. 1965). See Directory Services, Inc. v. United States, 353 F.2d 299 (8 Cir. 1965).

▇▇▇ From this it inevitably follows, we feel, that the present appeal must be dismissed. Although the Secretary made a final administrative decision for purposes of court review under § 205(g), Cody v. Ribicoff, 289 F.2d 394, 395 (8 Cir. 1961); Murphy v. Gardner, 379 F.2d 1 (8 Cir. 1967), no such decision was made at the district court level. And it is district court action which measures our appellate jurisdiction under § 1291. The district court merely vacated the Secretary's decision and remanded the case for reconsideration and, possibly, the reception of additional evidence. It neither granted nor denied the relief the claimant seeks. The adverse agency decision so vacated may of course be reinstated in due course but it may go the other way. Until the Secretary acts on the remand we have no insight as to what his eventual decision will be. Thus, in the words of Catlin v. United States, supra, the litigation had not reached its end on the merits and there is more for the court to do than execute the judgment, or, as Judge Ridge said, in Smith v. Sherman, supra, p. 551 of 349 F.2d, the district court's action by no means was "the last word of the law".

Neither we nor counsel have found a case precisely in point. Because remand is statutorily authorized by § 205(g) and is common, see, for example, Brasher v. Celebrezze, 340 F.2d 413, 414 (8 Cir. 1965), and Celebrezze v. Bolas, 316 F.2d 498, 500 (8 Cir. 1963), the very absence of precise authority may be indicative of general acceptance of the proposition that a district court's remand is not a final decision.

Two recent cases in the Third Circuit, however, are scarcely distinguishable. In each of these the Secretary, before filing his answer, and as permitted by § 205(g), moved to remand for the taking of additional testimony. His motion was granted. The appeal therefrom was dismissed on the ground that the remand order was not final within the meaning of § 1291. Marshall v. Celebrezze, 351 F.2d 467 (3 Cir. 1965); Mayersky v. Celebrezze, 353 F.2d 89 (3 Cir. 1965). Although the district court in the present case effected the remand on its own motion, after the Secretary's answer had been filed and after study of the merits, we see no distinction whatsoever, so far as legal precept is concerned, between the Third Circuit cases and this one. Those cases are precedent here and, furthermore, we agree with them. Gulfport Shipbuilding Corp. v. Vallot, 334 F.2d 358, 360 (5 Cir. 1964), cert. den. 380 U.S. 974, 85 S.Ct. 1333, 14 L.Ed.2d 269, affords further support.

 The appeal is not saved by any theory that the district court was without power to remand or that it had legally insufficient reasons for sending the case back. The very language of § 205 provides the answer to the question of basic power, for remand is specifically authorized, either on motion of the Secretary before answer or "at any time, on good cause shown". And we cannot say that the district court's remand was without good cause (a) when the court possessed a reasonable desire for existing documentary evidence and reports omitted from the record, Flemming v. Rhoades, 276 F.2d 788 (5 Cir. 1960); Angell v. Flemming, 291 F.2d 72, 75 (4 Cir. 1961); Sage v. Celebrezze, 246 F.Supp. 285, 288 (W.D.Va.1965); Wray v. Folsom, 166 F.Supp. 390, 394–396 (W.D.Ark.1958); (b) when it felt unsure about the adequacy and fairness of the administrative hearing because of the claimant's unfamiliarity with procedure, see Arms v. Gardner, 353 F.2d 197, 199 (6 Cir. 1965); (c) when, after the Secretary's decision became final on November 4, 1964, the statutory definitions of disability contained in § 216(i) (1) (A) and in § 223 (c) (2), 42 U.S.C. § 416(i) (1) (A) and § 423(c) (2), were amended, made less stringent, and made applicable to this case (Pub.L. 89–97, § 303(f) (1), 79 Stat. 368); Nichols v. Gardner, 361 F.2d 963, 967 (8 Cir. 1966); Byrd v. Gardner, 358 F.2d 291 (5 Cir. 1966); Sergeant v. Gardner, 361 F.2d 334 (6 Cir. 1966); and (d) when it felt that an improper standard may have been applied by the hearing examiner, Moncrief v. Gardner, 357 F.2d 651, 652 (5 Cir. 1966).

We necessarily assume that on remand the Secretary will process this case expeditiously. It has been a long time since the claim was filed.

The appeal is dismissed.