**Cono DALTO, Plaintiff-Appellant,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 164, Docket 35096.**

United States Court of Appeals, Second Circuit.

Argued Nov. 9, 1970.

Decided Nov. 12, 1970.

Emanuela Dalto, Elmont, N. Y., for plaintiff-appellant.

James A. Pascarella, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E. D. N. Y., of counsel), for defendant-appellee.

Before SMITH and FEINBERG, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

This is an appeal from an order by Judge Rosling in the Eastern District of New York remanding to the Secretary of Health, Education and Welfare for further hearings on a claim for disability insurance from the Social Security Administration.

The appellant was injured by a fork lift truck at his place of employment on August 25, 1967. He has claimed total disability since that date. Hearings were conducted by a hearing examiner who found that the appellant was not entitled to payments under the Social Security Act. The decision of the hearing examiner became final when the Appeals Council denied further review on July 17, 1969. The appellant then filed an action seeking judicial review in the district court pursuant to the provisions of § 205(g) of the Social Security Act. On cross-motions for summary judgment, Judge Rosling remanded for the taking of additional evidence. Appellant now appeals from this order claiming

---

* United States District Judge for the Southern District of New York, sitting by designation.

that the district court should have directed the immediate payment of the benefits without further administrative proceedings. He appears here *pro se*, and the papers which he has filed with this court are of little assistance in determining the exact nature of his claim.

However, this court cannot in any case reach the merits of appellant's claims since it appears clear that the order of the district court is not appealable under the provisions of Title 28 governing the jurisdiction of this court. Under 28 U.S.C. § 1291 the action of the district court must constitute a "final decision" in order for it to be an appealable order (subject to exceptions, not applicable here, such as those provided by 28 U.S.C. § 1292(b), 28 U.S.C. § 1651 and Rule 54(b) ). The district court acted to vacate the Secretary's decision and remand the case for reconsideration. It neither granted nor denied the relief which appellant seeks.

The opinion of Mr. Justice Blackmun (then Circuit Judge) in Bohms v. Gardner, 381 F.2d 283 (8 Cir. 1967) is directly on point since it presented precisely the same jurisdictional question. The court found remand by the district court was an interlocutory order and not appealable noting: "Until the Secretary acts on the remand we have no insight as to what his eventual decision will be. Thus in the words of Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L. Ed. 911 (1945), the litigation had not reached its end on the merits and there is more for the court to do than execute the judgment. * * *" 381 F.2d at 285.

Two cases in the Third Circuit reached the same result. There the Secretary, before filing his answer, and as permitted under § 205(g), moved to remand for the taking of additional testimony. His motion was granted by the district court, and the appeal therefrom was dismissed on the ground that the remand order was not final within the meaning of § 1291. Marshall v. Cele-

brezze, 351 F.2d 467 (3 Cir. 1965); Mayersky v. Celebrezze, 353 F.2d 89 (3 Cir. 1965).

Appellant should pursue the administrative remedy. Appeal dismissed.