**Paul R. ENSEY, Plaintiff-Appellee,**

v.

**Elliott RICHARDSON, etc., Defendant-Appellant.**

**No. 72–1850.**

United States Court of Appeals, Ninth Circuit.

Oct. 31, 1972.

Dwayne Keyes, U. S. Atty., William B. Shubb, Chief Asst. U. S. Atty., Sacramento, Cal., Harlington Wood, Jr., Asst. Atty. Gen.; Kathryn H. Baldwin, Joseph B. Scott, Washington, D. C., for defendant-appellant.

O. J. Solander, Loren Mitchell, of Legal Aid Society of Sacramento, Sacramento, Cal., for plaintiff-appellee.

Before BROWNING, DUNIWAY and HUFSTEDLER, Circuit Judges.

DUNIWAY, Circuit Judge:

The Secretary challenges the district court's order that he allow Ensey additional time to seek review of an administrative decision denying disability insurance benefits.

An application for benefits filed by Ensey was ordered dismissed by the Hearing Examiner on March 8, 1971. The order was mailed to Ensey, 20 C.F.R. 404.937(a), along with notice of his right, within 60 days, to request review by the Appeals Council. No such request was made, nor was an extension of time for filing a request for review sought. 20 C.F.R. 404.954(a).

On May 14, 1971, seven days after the 60-day period had run, Ensey filed this action in the district court, seeking reversal of the decision denying his claim for benefits. Ensey alleged that he neither requested a hearing on his application, nor received the letter advising him of the Hearing Examiner's dismissal and of his right to seek Appeals Council Review. The district court entered an or-

der remanding the matter to the Secretary, "with directions to give plaintiff an additional 60 days from the date of the order in which to request review by [the] Appeals Council."

 The fact that the district court ordered the matter remanded does not make its judgment any less appealable under the finality requirements of 28 U.S.C. § 1291. The remand order was based solely on the district court's determination that it had the power to extend the applicable 60-day review period, and is separate from the main cause of action, *i. e.*, whether Ensey is entitled to disability insurance benefits. Cohen v. Beneficial Indus. Loan Corp., 1949, 337 U.S. 541, 546–547, 69 S.Ct. 1221, 93 L.Ed. 1528.

Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405 (g), contemplates that a civil action reviewing a decision by the Secretary must await a "final decision" on his part. Section 205(h), as amended, 42 U.S.C. § 405(h), clearly specifies that the subsection (g) remedy is exclusive. *See* Tate v. United States, 9 Cir., 1971, 437 F.2d 88, 89.

The administrative procedures by which a claimant may obtain a judicially reviewable "final decision" under 42 U. S.C. § 405(g) require, *inter alia*, that a request be made of the Appeals Council for review of the Hearing Examiner's decision. 20 C.F.R. 404.940. Ensey has failed to seek such review. The failure to pursue and exhaust these administrative remedies precludes judicial review of the matter. Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638.

The Regulations also provide a procedure by which Ensey could have petitioned for an extension of time for filing a request for Appeals Council Review. 20 C.F.R. 404.954. An extension may be granted for "good cause." (*Id.*) This regulation, by its terms, places the exclusive authority to grant time in the Appeals Council. *See* Gardner v. Moon, 8 Cir., 1966, 360 F.2d 556–

559. The district court, therefore, had no jurisdiction to extend the time for review by the Appeals Council.

Ensey's allegations that he failed to receive the letter advising him of the Hearing Examiner's dismissal and of his right to seek Appeals Council Review are factors that could properly have been brought to the attention of the Appeals Council, which could then have determined whether there was the requisite good cause to warrant a time extension. They are not a proper basis for comparable action by the district court.

The order appealed from is reversed, and the case is remanded with directions to dismiss the action.