**Merlin F. GILCRIST, Plaintiff-Appellant,**

v.

**Richard SCHWEIKER,\* Secretary of Health and Human Services, Defendant-Appellee.**

No. 79–4590.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 1981.

Decided May 18, 1981.

Norman R. McNulty, Jr., Spokane Legal Services Ctr., Spokane, Wash., for plaintiff-appellant.

\* The substitution of Richard Schweiker, Secretary of Health and Human Services, for Joseph A. Califano, former Secretary of Health, Education & Welfare, is effected by Rule 43(c) of the Federal Rules of Appellate Procedure.

Nancy Horgan, Asst. U. S. Atty., Spokane, Wash., argued, for defendant-appellee; Carroll D. Gray, Spokane, Wash., on brief.

Before CHOY and BOOCHEVER, Circuit Judges, and FRYE,\*\* District Judge.

PER CURIAM:

Appellant Gilcrist sought review in the district court of the Secretary's denial of his claim for disability benefits. Gilcrist claims that he became totally disabled as a result of back pain. The Administrative Law Judge (ALJ) reached his conclusion that disability was not established, in part on his personal observation that Gilcrist did not exhibit signs of long-time suffering such as drawn features, loss in weight and muscle atrophy, "as well as a medical history replete with efforts to alleviate pain." On appeal, the district court did not pass on whether the ALJ decision was based on an impermissible medical opinion, but remanded for reconsideration in light of the extensive medical history of Gilcrist's efforts to secure relief from pain. Gilcrist has appealed from that remand order, seeking an immediate award of benefits or, in the alternative, clarification of the standard that the agency should apply in his case. We conclude that this court has no jurisdiction to review the district court's order because it is not "final." *See* 28 U.S.C. § 1291. Accordingly, this appeal must be dismissed.

Whether this remand order is a final order is an issue of first impression in the circuit. Other circuits have held that such an order is not final. *See Dalto v. Richardson,* 434 F.2d 1018 (2d Cir. 1970), *cert. denied,* 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971); *Bohms v. Gardner,* 381 F.2d 283

\*\* Honorable Helen J. Frye, District Judge for the District of Oregon, sitting by designation.

(8th Cir. 1967), *cert. denied*, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968). We agree.[1]

We need not reach Gilcrist's contention that in a case of remand to an agency we may have jurisdiction under 28 U.S.C. § 1291 to review a separable legal issue that has been finally determined by the district court. The remand order in this case did not reach the issue, impliedly or otherwise, whether an administrative law judge, not qualified as a medical expert, may rely upon his other observations of a claimant to form a non-expert diagnosis of that claimant's physical condition in determining whether the claimant is disabled. Thus there is no separately appealable issue before this court.

The remand order from which Gilcrist appeals does no more than order clarification of the administrative decision. If, after the remand, appellant Gilcrist is still not satisfied with the Secretary's determination, it will be for the district court to determine if it is in accordance with the law. Until such time as the district court enters a final order either approving or disapproving the agency action, there is nothing for us to review. *See Bohms*, 381 F.2d 283.

This appeal is therefore DISMISSED for lack of jurisdiction.

---

**1.** This is not inconsistent with this court's holding in *Ensey v. Richardson*, 469 F.2d 664 (9th Cir. 1972) that a district court has no power to extend the 60–day review period for disability determinations. *Ensey* did not involve remand for reconsideration by the agency. Rather, it was a case which required this court to determine the scope of the district court's power to grant a time extension. Appellant in this case, however, requests review of the underlying disability benefit determination. This determination may be modified by the agency upon remand or by the district court in subsequent proceedings. Appellate review is inappropriate until a final judgment is entered.