Mary MacDONALD, Plaintiff,

v.

Richard SCHWEIKER, Secretary of the
Department of Health and Human
Services, Defendant.

No. CV 81–1314.

United States District Court,
E.D. New York.

Nov. 1, 1982.

Robert & Schneider by Ira S. Schneider, Hempstead, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by Ben Wiles, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, Circuit Judge.*

On May 3, 1982, the court denied defendant's motion to dismiss the complaint in this action and granted plaintiff's motion to remand the case to the Appeals Council for review. Counsel for plaintiff now moves for an award of costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

Plaintiff commenced this action after the Appeals Council refused to review two decisions of the administrative law judge (ALJ) denying plaintiff's application for benefits prior to March 23, 1979. On May 22, 1980,

plaintiff, who was not represented by counsel at that time, was granted disability insurance benefits retroactive to March 23, 1979, but was denied benefits before that date. Accompanying the notice of decision was a letter containing directions for plaintiff to follow if she wished to appeal the decision. The directions, in summary, stated that plaintiff had the right to request the Appeals Council to review the decision within 60 days, and that she could do so by filing a request for review at the social security office or the hearing office, or by writing or telephoning those offices and indicating her intent to request review. Plaintiff called the ALJ's secretary within the appropriate time period to make inquiry concerning the steps she should take to appeal the decision with respect to the date of the onset of her disability. The secretary told her that an appeal was unnecessary because the ALJ would reopen the decision and consider plaintiff's additional evidence.

Plaintiff then retained an attorney to represent her in this matter. The attorney requested that the ALJ reopen the decision so that plaintiff could present additional evidence to establish the date of disability earlier than March 23, 1979. The ALJ conducted a hearing at which plaintiff appeared personally and testified as did a doctor. On November 25, 1980, the ALJ denied the request to reopen his decision.

On January 9, 1981, plaintiff requested the Appeals Council to review the ALJ's decision of November 25, 1980, and was advised that the denial of a request to reopen the hearing decision was not appealable. Further, plaintiff was told that no good cause had been shown for extending the time to file a request for review of the ALJ's decision of May 22, 1980.

Defendant moved to dismiss the claim in this court on the ground that the court lacked subject matter jurisdiction because there was no "final decision" of the secretary for judicial review as required by 42 U.S.C. § 405(g).

* Of the United States Court of Appeals, Second Circuit, sitting by designation.

After a careful examination of the record, the court determined that the Appeals Council had been incorrect in refusing to review the ALJ's decision of November 25, 1980, because the ALJ had in fact reopened the hearing decision, taken new testimony, and made new findings of fact and credibility based on new evidence relating to plaintiff's physical condition prior to March 1979. Plaintiff had filed a timely request to appeal that decision and, therefore, the court held that she was entitled to review on the merits by the Appeals Council pursuant to 20 CFR § 404.970. Thus, plaintiff's claim was remanded for review by the Appeals Council.

The court also noted that, with respect to the ALJ's original decision of May 22, 1980, plaintiff, in telephoning the ALJ's office to ask how she could appeal the decision, was following the directions which were supplied on defendant's form notice to plaintiff concerning her right to appeal. While the court did not rely upon this fact as a basis for the decision to remand, it did suggest that the wording of the notice was misleading, especially for pro se litigants.

Plaintiff's application for counsel fees followed this decision.

The Equal Access to Justice Act provides in relevant part:

(a) except as otherwise specifically provided by statute, a judgment for costs, as enumerated in Section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

\* \* \* \* \* \*

(d)(1)(A) except as otherwise specifically provided by statute, a court shall award

to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the decision of the United States was substantially justified or that special circumstances make an award unjust.

Defendant argues that counsel for plaintiff was not entitled to an award of fees because (1) there is no entry of final judgment since the case was remanded, (2) plaintiff is not a prevailing party within the meaning of the statute, and (3) that even if she were a prevailing party, fees cannot be awarded because the secretary's position was substantially justified. Defendant also challenges the amount of the hourly rate sought, and argues that no fee may be awarded for services rendered prior to the effective date of the Act.

■ Because the statute became effective on October 1, 1981, few reported cases have interpreted its provisions. At least two courts have held, or recognized implicitly, that the EAJA is applicable to cases such as this one arising under Title II of the Social Security Act. *Wolverton v. Schweiker,* 533 F.Supp. 420, 423 (D.Idaho 1982); *see Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982). Since the secretary does not raise the issue in this case, it is sufficient merely to note that the court agrees with the reasoning of *Wolverton* which leads to the conclusion that an award of fees and other expenses incurred under Title II of the Social Security Act is available under the EAJA.

Since attorneys' fees and other expenses may be awarded in suits brought under Title II of the Social Security Act, the court turns to the issues raised by defendant in opposition to plaintiff's motion.

*The lack of a "final judgment"*

Defendant's first argument is that costs and fees may not be awarded under the

EAJA because of the absence of a final judgment. He argues that an order of remand has repeatedly been held to be nonfinal and thus not reviewable by an appellate court, *see, e.g., Gilcrist v. Schweiker,* 645 F.2d 818 (9th Cir.1981), *Dalto v. Richardson,* 434 F.2d 1018 (2d Cir.1970), *cert. denied,* 401 U.S. 979 (1971). Because of the interlocutory nature of an order of remand, defendant argues that plaintiff has not met the requirement of § 2412(d)(1)(B) that the application for fees and expenses be submitted "within 30 days of final judgment in the action."

Defendant is correct in his argument that an order of remand does not constitute a final judgment. However, an examination of the EAJA's legislative history indicates that the availability of a fee award under the EAJA is not limited to cases where there has been a final judgment in an action. The House Report notes that "[a] fee award may * * * be appropriate where the party has prevailed on an interim order which was central to the case * * * or where an interlocutory appeal is 'sufficiently significant and discrete to be treated as a separate unit' ". H.R.1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4990 (citations omitted). Thus, while the court recognizes the nonfinal nature of an order of remand, it concludes that there may be cases, including social security remands, where an award of fees might be appropriate although final judgment has not been entered.

*Plaintiffs as prevailing parties under the EAJA*

█ Defendant's position concerning the absence of a final judgment is intertwined with his position that plaintiff is not entitled to fees under the statute because she is not a prevailing party within the meaning of the EAJA. The legislative history is clear that the term prevailing party is not to be limited to "a victor * * * after entry of a final judgment following a full trial on the merits." House Report at 4990. The committee that reported the bill in the House indicated that "[i]t is the committee's intention that the interpretation of the term * * * consistent with the law that has developed under existing statutes." Id. Thus, a prevailing party may be one who has obtained a favorable settlement, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977) or one who has prevailed on an interim order central to the case, *Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C.1976). A person has been held to be a prevailing party where, although unsuccessful on his own claim, he has acted as a "catalyst" in ending discrimination against others similarly situated. *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir.1970). It follows, therefore, that a party need not necessarily have litigated to final judgment and have been awarded the ultimate relief he or she seeks in order to be entitled to an award of costs and/or fees under the EAJA.

The problem in the instant case, however, is that not only has plaintiff not litigated to a final judgment but also has not prevailed through a settlement or other conclusion of her litigation resulting in her receiving some or all of the relief she seeks, namely an award of social security benefits for a period prior to March 23, 1979. In a Social security case, an order of remand does not decide any substantial issue in favor of or against the plaintiff. Rather, in most cases, the remand is ordered for a clarification of the secretary's decision. *Gilcrist v. Schweiker, supra,* 645 F.2d at 819. Thus, there is some merit to defendant's argument that plaintiff's claim for costs and fees under the EAJA is premature since plaintiff has not been successful in obtaining the relief she seeks.

The court agrees with the secretary that an award of fees would be inappropriate in the ordinary situation involving a remand in a social security case. As indicated above, in the ordinary case, a remand merely means that more evidence is needed to complete the record, or that the ALJ must make his findings more specific. Defendant is correct in arguing that it would be anomalous to permit an award of fees to a plaintiff whose case has been remanded to the secretary for these reasons where the order of remand may not be appealed because of its nonfinal nature.

■ Nevertheless, the court concludes that plaintiff in this case may be termed a prevailing party within the meaning of the EAJA. The issue before this court turned not on whether plaintiff was entitled to benefits under the social security act, but rather on whether there had been a final order from which she could seek review either before the Appeals Council or in this court. As indicated above, the court found that plaintiff was entitled to Appeals Council review on one or more grounds. As a result of plaintiff's appeal to this court and the court's order remanding the case, the secretary has informed the court that he intends to revise the notice sent to unsuccessful social security claimants to eliminate the statement that they may request review by telephone. Letter of John A. Svahn, Commissioner of Social Security, August 6, 1982. This revision will serve to end the confusion which led to plaintiff's predicament in the first place.

The court has considered the purpose of the EAJA in reaching the conclusion that in the particular circumstances of this case plaintiff should be considered a prevailing party. The House Report states that a fee award "represents one way to improve citizen access to courts and administrative proceedings." House Report at 4991. The purpose of the statute was to eliminate the choice "between acquiescing to an unreasonable Government order or prevailing to his financial detriment." Id. In this case, plaintiff chose not to acquiesce to an unreasonable Government order and prevailed on an issue important not only to her case but to those of many other social security claimants. Therefore, the court considers plaintiff in this case a prevailing party within the meaning of the EAJA.

*Substantial justification*

■ Under the EAJA, a prevailing party is entitled to attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The

government has the burden of proof on establishing that its position was substantially justified. *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 351 (D.D.C.1982); *Alspach v. District Director,* 527 F.Supp. 225, 228 (D.Md.1981). The government argues that its position was "substantially justified" because in defending the case before this court it relied on the ALJ's own characterization of his actions as a denial of the request to reopen, and that the government cannot now be described as not substantially justified because the District Court characterized the ALJ's decision as a reopening. Def. memorandum of law at 15. In essence, the government argues that it is its litigation position that was substantially justified and that the court should not consider the underlying activity which precipitated the lawsuit.

There has been some disagreement as to how to interpret the phrase "position of the United States." Some courts have focused solely on the litigation stance adopted by the government, *e.g. S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm.,* 672 F.2d 426 (5th Cir.1982); *Operating Engineers v. Bohn,* 541 F.Supp. 486 (D.Utah 1982); *Alspach v. District Director, supra,* while others have broadened the scope of the inquiry to include both the government's litigation position and the underlying activity which precipitated the lawsuit, *e.g., Photo Data, Inc. v. Sawyer, supra.*

The court has concluded that the preferable approach is to consider both the government's underlying activity and its litigation position. The language of the statute and its legislative history do not indicate that Congress intended the courts to distinguish between the government's primary activity and its litigation stance in determining whether its "position" was substantially justified. If anything, the legislative history suggests that both factors should be taken into account. Compare House Report at 4989–90 with House Report at 4997.[1]

---

1. The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government

The broader approach is particularly appropriate on the facts of this case. Defendant argues that his position was substantially justified because the ALJ had characterized his decision as a refusal to reopen and that the government should not be penalized for accepting this characterization. However, this argument ignores both the fact that the ALJ's decision on its face indicates that he did reopen the case and the fact that plaintiff was precluded from appealing. the ALJ's first decision on grounds of untimeliness when in fact she had followed the secretary's own instructions for taking an appeal. These facts establish that the secretary's underlying activity was not substantially justified. Accordingly, plaintiff is entitled to recover attorneys' fees and expenses under the EAJA.

*Attorneys' fees incurred prior to October 1, 1981*

Defendant next argues that any recovery of attorneys' fees for work performed prior to October 1, 1981, is barred by the doctrine of sovereign immunity. The EAJA took effect on October 1, 1981 and is applicable to "any civil action * * * which is pending on, or commenced on or after such date." 28 U.S.C. § 2412 (note). Defendant argues that plaintiff may not recover for any legal services performed prior to the effective date because of the principle that any waiver of sovereign immunity by the federal government must be express.

Here, however, the waiver is express, and nothing in the legislative history negates the clear legislative statement that the EAJA is applicable to actions which were pending on October 1, 1981. This interpretation has been accepted by virtually every court that has confronted this issue. *E.g.,*

*Photo Data, Inc. v. Sawyer, supra; Wolverton v. Schweiker, supra; Berman v. Schweiker, supra.* After oral argument in this case, counsel for the government submitted to the court a copy of a decision in *Allen v. United States,* 79 CV 381 (N.D.Ill., July 6, 1982), where the court adopted the argument advanced by the government. The court disagrees with the reasoning of the *Allen* court and adopts that of the cases cited above which conclude that attorneys' fees may be awarded for services rendered prior to October 1, 1981, if the case was pending on that date, as was this one. *The reasonableness of the fees and expenses requested*

Defendant's final argument is that the amount of fees sought by plaintiff is not authorized by the act. Plaintiff seeks an award of attorneys' fees for 25 hours at the rate of $125 per hour.

Section 2412(d)(2)(A) provides that "attorneys' fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Plaintiff has not cited, nor does the court see, any special factor which would warrant an award in excess of $75 per hour.

Plaintiff is therefore awarded attorneys' fees for the 25 hours documented in the moving affidavit at $75 per hour, or $1,875 plus costs of $66 for a total of $1941 and the clerk shall enter judgment accordingly.

SO ORDERED.

---

can show that its case had a reasonable basis both in law and fact, no award will be made.
* * * * * *
The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case.
House Report at 4989–4990.

* * * [I]t is particularly appropriate to place the burden on the government to prove the reasonableness of its actions. To do so encourages parties to contest action which they believe to be unreasonable and thereby serves to refine public policy.
House Report at 4997.