782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PERCY COMBS, Petitioner,
v.
BENEFITS REVIEW BOARD, AND DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, U.S. DEPT. OF LABOR, Respondent.
 85-3648
 United States Court of Appeals, Sixth Circuit.
 12/13/85
 
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon respondent's motion to dismiss and petitioner's response.
 
 
 2
 On March 20, 1975, petitioner filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. 901 et seq. A formal hearing on the claim was held on September 22, 1982, at which time Administrative Law Judge Charles W. Campbell issued his decision and order awarding petitioner benefits pursuant to 20 C.F.R. Sec. 410.490. On May 3, 1983 the respondent appealed this decision and order to the Benefits Review Board. On July 24, 1983 the Benefits Review Board vacated the Administrative Law Judge's order based on its determination that 20 U.S.C. Sec. 410.490 was inapplicable to petitioner's claim. The Board also remanded the case to the Administrative Law Judge for reconsideration under 20 C.F.R. Part 410 permanent criteria, thereby rendering petitioner's petition for review filed in this Court premature since the order is not a final, reviewable order as required by 28 U.S.C. Sec. 1291 and 33 U.S.C. Sec. 912(c).
 
 
 3
 It is a well established rule of appellate jurisdiction that ordinarily a remand to an administrative agency is not a final order within the meaning of 33 U.S.C. Sec. 912(c) and 28 U.S.C. Sec. 1291. Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 406 (5th Cir. 1984), cert. denied, 105 S.Ct. 88 (1984); Dalto v. Richardson, 434 F.2d 1018, 1019 (2d Cir. 1970), cert. denied, 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971); Bohms v. Gardner, 381 F.2d 283, 285 (8th Cir. 1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968); Freeman United Coal Mining v. Director, OWCP, 721 F.2d 629, 631 (7th Cir. 1983); Director, OWCP v. Brodka, 643 F.2d 159, 161 (3d Cir. 1981).
 
 
 4
 The order does not meet the collateral order exception from the final judgment rule since it does not satisfy the requisite three (3) part test enunciated by the Supreme Court, that the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949); Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978).
 
 
 5
 It is ORDERED that the motion to dismiss is hereby granted.