**Paul BAEDER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 83–3338.

United States District Court,
D. New Jersey.

March 18, 1986.

James Katz, Tomar, Parks, Seliger, Simonoff & Adourian, Haddonfield, N.J., for plaintiff.

U.S. Atty. Thomas W. Greelish by Laurie J. Gentile, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

GERRY, District Judge.

Plaintiff, Paul Baeder, has moved this court for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Plaintiff contends that he is entitled to such an award because he was a prevailing party in his social security appeal, and because the Government's position was not substantially justified.

Plaintiff filed an application for disability insurance benefits on November 17, 1982. The application was denied by the Secretary, both initially and on reconsideration. Plaintiff requested and received a *de novo* hearing before an Administrative Law Judge (ALJ). On May 27, 1983, the ALJ ruled that Mr. Baeder was not disabled within the meaning of the Social Security Act because he did not suffer from a severe impairment. The decision of the ALJ became the final decision of the Secretary of Health and Human Services (the Secretary) when it was approved by the Appeals Council on July 21, 1983.

Plaintiff filed a timely complaint with this court, seeking review of the Secretary's decision that the Secretary's finding was not supported by substantial evidence, and that the severity regulation upon which the Secretary based her decision to deny benefits, 20 C.F.R. § 404.1520(c), was invalid. In an opinion and order filed on September 10, 1984 (and reported at 592 F.Supp. 1489), this court held that the Secretary's finding was not supported by substantial evidence on the record as a whole. The court also found that the severity regulation, which permits a summary determination of non-disability without further consideration of the claimant's particular vocational characteristics, is inconsistent

with the Social Security Act. We vacated the decision of the ALJ and directed the Secretary on remand to conduct disability evaluations without regard to the severity regulation, both in this case and in all other cases. The Secretary appealed to the Third Circuit that portion of this court's opinion which held the severity regulation to be invalid.

On July 24, 1985, the Third Circuit affirmed this court's invalidation of the severity regulation. *Baeder v. Heckler*, 768 F.2d 547 (1985). Although the Circuit Court ruled that we did not have the authority to issue a nationwide injunction, it stressed that its opinion "compels this court [i.e., the Third Circuit] to overturn any denial of benefits made because the Secretary and the ALJ concluded that the applicant's impairment was not severe enough, without reference to vocational factors, to meet 20 C.F.R. § 404.1520(c)." *Id.* at 553 n. 5.

On September 13, 1985, Edward Spell, Assistant United States Attorney, requested an order to show cause in the United States District Court for the District of New Jersey. The Secretary requested therein that each of the cases on the schedule annexed thereto be remanded for reconsideration in light of the Third Circuit opinion in *Baeder*. On December 3, 9 and 27, 1985, the Honorable Clarkson S. Fisher, Chief Judge of the District of New Jersey, signed a series of orders remanding numerous cases to the Secretary for review in accordance with *Baeder*.

According to the certification of James Katz, Esquire, the Secretary has also moved before the Third Circuit that any case which is an action appealing a finding of no severe impairment pursuant to § 404.1520(c) without the necessary consideration of vocational factors must also be remanded for adjudication in accordance with the *Baeder* decision. Similarly, Mr. Katz represents that the Secretary is promulgating new regulations to comply with the requirements of *Baeder*.

Plaintiff's motion for an award of attorney's fees is brought under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), as amended and approved on August 5, 1985. According to the EAJA,

> [e]xcept as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

It is well settled in this Circuit that the EAJA applies to judicial review of actions brought pursuant to the Social Security Act, 42 U.S.C. § 405(g). *Brown v. Secretary of Health and Human Services*, 747 F.2d 878, 880 (3d Cir.1984). A social security claimant, like any other EAJA claimant, must demonstrate that the two statutory prerequisites to an EAJA award have been met. First, the court must be able to conclude that the claimant was a "prevailing party." Second, after the claimant has "prevailed," the court must find that the position of the Government was not substantially justified, and that no special circumstances render an award unjust. *Tressler v. Heckler*, 748 F.2d 146, 149 (3d Cir.1984).

## I. "PREVAILING PARTY"

Plaintiff Baeder and the Secretary are in sharp disagreement over the question of whether Baeder qualifies as a "prevailing party" for purposes of the EAJA. At the heart of their debate is the effect of the Third Circuit's opinion in *Brown*, *supra*, on the fee application at bar. In *Brown*, the Third Circuit specifically addressed the narrow question of whether a social security claimant who obtains a remand in the district court for a further administrative hearing is a "prevailing par-

ty" entitled to fees. In reaching its decision, the Circuit Court cited with approval the Second Circuit opinion in *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984), which held that an award of fees upon remand is not authorized by the EAJA. The Second Circuit in *McGill* observed that the ultimate relief a social security claimant desires is not simply vindication of a procedural right to a new hearing, but a final determination that he or she is entitled to benefits. While a favorable ruling on a petitioner's procedural claim, that is, the granting of a new hearing, may ultimately further a positive outcome on the merits of a petitioner's efforts to receive benefits, a victory on such a procedural claim does not establish the plaintiff as a prevailing party for the purpose of shifting attorney's fees. *Id.* at 29–30. In *Brown*, the Third Circuit adopted the Second Circuit view and agreed "that there is an important distinction between the victory achieved by a procedural due process litigant who secures a hearing and the success attained by a social security claimant whose case is remanded for further action by the Secretary." *Brown, supra,* 747 F.2d at 883.

In light of the language contained in the *McGill* and *Brown* opinions, the Government here contends that the receipt of benefits is the *sine qua non* of a social security claimant's right to recover fees under the EAJA. However, a closer look at the *Brown* and *McGill* opinions shows that the Government's view is unnecessarily restrictive. In *Brown*, the Third Circuit said that the receipt of benefits "renders a *typical* social security plaintiff a prevailing party." *Brown, supra,* 747 F.2d at 883. (Emphasis added.) However, the court then warned against making the receipt of benefits a prerequisite in all social security EAJA cases:

> This is not to say that in any case arising under the Social Security Act, and in which entitlement to benefits is one issue, a plaintiff must receive benefits in order to be deemed prevailing. A plain-

tiff need not succeed on every issue raised, but fees may be awarded 'only to a party who has established his entitlement to some relief on the merits of his claims.' *Hanrahan v. Hampton*, 446 U.S. 754, 757 [100 S.Ct. 1987, 1989, 64 L.Ed.2d 670] (1980) (*per curiam*) (§ 1988)."

*Id.* at 883 (footnote omitted). Clearly, the Circuit Court anticipated that there would be certain circumstances in which a social security plaintiff could recover fees under the EAJA without first having received an award of benefits.

Both the Third Circuit in *Brown* and the Second Circuit in *McGill* recognized that *MacDonald v. Schweiker*, 553 F.Supp. 536 (E.D.N.Y.1982) presented such a set of circumstances. In *MacDonald*, the district court awarded attorney's fees to a plaintiff who had achieved only a remand. The significant issue in *MacDonald* was the validity of the plaintiff's notice of administrative appeal, and as a result of the remand order the Secretary clarified the methods that claimants could employ to appeal a denial of benefits. The district court awarded fees because the plaintiff had "prevailed on an issue important not only to her case but to those of many other social security claimants." *Id.* at 540. As a result of plaintiff's appeal to the district court and the district court's remand order, the Secretary decided to revise the notice sent to unsuccessful social security claimants, thereby ending the confusion which led to plaintiff's predicament in the first place. *Id.* The Second Circuit in *McGill* labeled this "a narrow ruling on an exceptional set of circumstances." *McGill, supra,* 712 F.2d at 32; *Brown,* 747 F.2d at 883 n. 5.

The plaintiff here submits that the instant case is controlled by the rationale of *MacDonald* and accordingly that he is properly classified as a "prevailing party" for EAJA purposes. The court agrees. It is true, as the Government is quick to point out, that Baeder has not yet prevailed on his claim for disability insurance benefits. This issue is now being processed by the

Secretary on remand under this court's alternate holding that the Secretary's earlier determination was unsupported by substantial evidence. Nevertheless, it is indisputable that plaintiff is indeed a prevailing party on the question of the validity of the severity regulation, 20 C.F.R. § 404.-1520(c). Both this court and the Court of Appeals found that the severity regulation is inconsistent with the Social Security Act and therefore is invalid. After the ruling by the Third Circuit, the Secretary did not file a petition for rehearing and rehearing *en banc* or for a *writ of certiorari*. Thus, with respect to the validity of the severity regulation—the only issue raised by the Secretary's appeal to the Circuit Court—Baeder has clearly and completely prevailed. Moreover, since the Third Circuit has stated that it will overturn any denial of benefits which is based upon 20 C.F.R. § 404.1520(c), Baeder's efforts, like the efforts of the plaintiff in *MacDonald*, have inured to the benefit of other similarly situated claimants.

## II. SUBSTANTIAL JUSTIFICATION

■ Having determined that the plaintiff qualifies as a "prevailing party" under the EAJA, the court must now consider whether or not the Government's position was substantially justified. In this Circuit, the "substantial justification" standard has been interpreted as "a middle ground between an automatic award of fees to a prevailing party and an award made only when the Government's position was frivolous." *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir.1983), *citing Natural Resources Defense Council, Inc. v. U.S.E.P.A.*, 703 F.2d 700, 708 (3d Cir.1983). This Circuit has defined the "substantial justification" standard as "essentially ... one of reasonableness, not in terms of result, but in terms of whether the Government's position, even though unsuccessfully taken, had a 'reasonable basis both in law and fact.'" *Dougherty, supra*, 711 F.2d at 563 (footnote omitted); *Tressler, supra*, 748 F.2d at 149. In addition, "[f]or its action to be substantially justified, the Government must make a 'strong showing' that its posi-

tion was substantially justified." *Natural Resources Defense Council, supra*, 703 F.2d at 712, *citing* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 16, 18.

In the present case, the court believes that the Government has not sustained its burden of making a strong showing that its position was substantially justified. It is true that prior to *Baeder* the Third Circuit had not ruled on the validity of the severity regulation. It is also true that some—though by no means all—other courts that had been presented with the question declined to strike down the regulation. Nevertheless, the court does not believe that this can convert an otherwise unreasonable position into one that is substantially justified. It was and is this court's opinion "that 20 C.F.R. 404.1520(c) has no rational relation to the purposes of the [Social Security] Act, that it exceeds the statutory authority delegated by Congress to the Secretary, and so, that it is invalid." *Baeder, supra*, 592 F.Supp. at 1495. Similarly, the Third Circuit completely rejected the Secretary's contention that the Social Security Act and its underlying legislative history permits the imposition of a threshold requirement of medical severity:

> [N]othing in the legislative history indicates that Congress intended other than just what the statute provides for, that a person is disabled if he cannot 'engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment.' Both the statute and the legislative history speak in terms of medical *and* vocational factors and emphasize the importance of the relation between the two.

*Baeder, supra*, 768 F.2d at 551 (emphasis in original; footnote omitted). Moreover, the Third Circuit stressed that "the language and history of the regulation, the statistical evidence, and the facts in this case, contradict the Secretary's assertions" that "the severe impairment regulation [is] a *de minimus* requirement which only screens out those applicants whose medical problems could not possibly prevent them from working." *Id.* at 552. In view of the

above, the court concludes that the Government has not sustained its burden of demonstrating that there is a reasonable basis for the facts alleged that there is a reasonable basis in law for the theory propounded, and that the facts alleged reasonably support the legal theory advanced. *Dougherty, supra,* 711 F.2d at 564.

## III. SPECIAL CIRCUMSTANCES

After determining that a claimant is a prevailing party and that the Government's position was not substantially justified, the court must also examine whether there are special circumstances which would render an award of fees under the EAJA unjust. *Tressler, supra,* 748 F.2d at 149. Although neither side briefed this issue, the Government suggested at oral argument that this case implicates the "special circumstances" exception. The Government argues that at least with respect to the appeal of the severity regulation question to the Third Circuit, it had a duty to take its litigation position. The Government maintains that it has a strong interest in the uniform application of its administrative regulations. When a district court declares a regulation to be invalid, this interest in uniform application is threatened. The Government contends that under such circumstances it cannot remain mute; rather, the Government believes that it has a duty to appeal the adverse district court ruling to the court of appeals.

As far as it goes, the Government argument has some logical appeal. One can easily appreciate the Government's desire for uniform nationwide application of its regulations. Nevertheless, the court cannot conclude that this governmental interest would render an award of fees to Mr. Baeder unjust. After all, it is not just the Government's litigation position which is at issue in an EAJA application. The court must also consider the agency action which gave rise to the litigation itself. 28 U.S.C. § 2412(d)(2)(D). While the Government may have proceeded reasonably in its litiga-

tion strategy here, there would have been no need for litigation at all regarding the security regulation had the Secretary not promulgated it in the first place. Where the court has already ruled that the regulation is invalid, and that its promulgation was not substantially justified, we do not believe that any subsequent, reasonable conduct on the Government's part should deprive the claimant of his entitlement to fees under the EAJA.

## IV. AMOUNT OF FEES

■ Having concluded that plaintiff is properly characterized as a prevailing party, that the Government's position was not substantially justified, and that special circumstances would not render an award, it appears that plaintiff is entitled to an award of fees under the Equal Access to Justice Act.[1] Therefore, the court must now turn to a consideration of the amount of fees to be awarded. As a threshold matter, plaintiff submits that he is entitled to an award of fees for services performed before the Third Circuit as well as for services performed before this court. Other than alleging "special circumstances" as described above, the Government has not offered any opposition on this point. In the court's view, nothing in the language of 28 U.S.C. § 2412(d) prevents a district court from awarding fees for services performed before the Circuit Court. The statute authorizes the court to award fees "incurred by [a] party in any civil action ... brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d). This provision does not empower the court to award fees for services performed before the administrative agency. However, it is reasonable to interpret the provision as authorizing a court confronted with an EAJA application to award fees for all the time— including appeal time—spent litigating the action in federal court. Accordingly, the court's award will include compensation for services performed here and before the Third Circuit.

---

1. Because we conclude that plaintiff is entitled to an award of fees under the EAJA, 28 U.S.C. § 2412(d), we need not reach plaintiff's alterna-

tive argument that he is entitled to fees under 42 U.S.C. § 1988.

█ A more difficult question is one which the parties have not raised in any of their briefs but which the court feels compelled to raise *sua sponte:* whether plaintiff is entitled to recover fees for all the time spent by his attorney litigating this case, or whether he should be limited to an award for the time spent litigating the validity of the severity regulation only. In an earlier portion of this opinion, the court concluded that plaintiff is a prevailing party even though his claim for benefits was remanded to the Secretary. This is so because he clearly and conclusively prevailed on the issue of the severity regulation and because the Government's position with respect to the regulation was not substantially justified. Therefore, at the very least plaintiff is entitled to fees for the services performed litigating the issue of the severity regulation. However, plaintiff's entitlement to fees on the merits of his claim for disability benefits stands on a different footing. With respect to this claim, he has only achieved a remand to the Secretary. Under the Third Circuit's ruling in *Brown, supra,* this is insufficient to establish plaintiff as a "prevailing party" on the issue of benefits. While plaintiff may well be a prevailing party on this issue at some point in the future, the court finds that it would be premature to award EAJA fees on the benefits claim at this time.

Since plaintiff has satisfied the prerequisites to an EAJA award for only a portion of his application, the court must consider apportioning the award accordingly. In this respect, the Third Circuit opinion in *Goldhaber v. Foley,* 698 F.2d 193 (3d Cir. 1983) is instructive, if not completely analogous. In *Goldhaber,* the Third Circuit ruled that where a party identifies and defeats one unreasonable Government position but the Government has substantial justification for a second claim in the same action, the prevailing party may not recover the entire expense of the litigation. To award the full amount would be to make the Government bear the expense of defending even its reasonable positions. Therefore, the Third Circuit concluded that "[t]he only solution consonant with the leg-islative intent as we discern it is to charge the United States with that portion of the expenses attributable to its unjustifiable positions." *Id.* at 197. While § 2412 does not expressly contain a provision for apportionment, the Third Circuit concluded that the principle of apportionment was implicit in the EAJA. *Id.* at 197 n. 5. Under this principle, "district courts should 'give the petitioner credit only for the hours of legal service reasonably supportive of' the plaintiff's successful claims." *Id.* at 197–98, *quoting Hughes v. Repko,* 578 F.2d 483, 487 (3d Cir.1978).

On the record now before the court, it is somewhat difficult to pinpoint with accuracy which hours were spent on the severity regulation issue and which were spent on the "substantial evidence" issue. Clearly the hours spent on the appeal all involve litigation of the severity regulation. However, the hours before the district court encompassed both claims. There is no specific breakdown of these hours in Mr. Katz' certification. Therefore, the court will ask Mr. Katz to submit a supplemental certification outlining those hours spent before the district court which are properly attributable to litigation of the severity regulation. Once this court has received the supplemental certification and reviewed it, we will enter an order setting the exact amount of fees to be awarded.

█ Finally, the court must rule on certain specific objections which the Government makes regarding the plaintiff's application. First, the Government takes exception to the time spent by Mr. Katz consulting with other attorneys. The Government objected to these costs because no explanation had been given for the conferences or how they benefited the progress of the case. However, plaintiff's reply brief remedies this deficiency and explains to the court's satisfaction that the time was spent discussing litigation strategy and learning about cases in other parts of the country. These costs will therefore be allowed.

█ The Government next takes exception to counsel's requested fee for travel time. The Government cites no Third Circuit authority on this point. Rather, they

refer us to *Ramos v. Lamm,* 539 F.Supp. 730 (D.Colo.1982), *remanded,* 713 F.2d 546 (10th Cir.1983), a case which we decline to follow. In *Ramos,* the district judge rejected the claim for travel time out of hand, citing no cases and offering no rationale for his conclusion. Moreover, *Ramos* is an extreme case in that plaintiff sought to recover for 108 hours of attorney travel time. Here by contrast, we are speaking of a total of only two hours. Since this time appears to have been spent on legitimate activities—traveling to a law library and to the Court of Appeals—the court will allow these fees.

■ The Government's final objection is to the plaintiff's request for an upward adjustment in the EAJA award to reflect an increase in the cost of living. Although the Government concedes that inflationary adjustments are permitted under the EAJA, § 2412(d)(2)(A), they object to an adjustment here because the plaintiff has failed to demonstrate that the requested increase of 10% is warranted. A request for an upward adjustment in an EAJA award to reflect an increase in the cost of living must be set forth with specificity. *See Lonning v. Schweiker,* 568 F.Supp. 1079, 1085 (E.D.Pa.1983) (attorney failed to brief his entitlement to a cost of living increase or indicate how it should be calculated in light of relevant economic fluctuations). Since counsel here has failed to set forth with specificity his alleged entitlement to a 10% increase, the court must deny his request for such an inflationary adjustment.[2]

## V. CONCLUSION

In sum, the court finds that plaintiff is a prevailing party with respect to his challenge of the severity regulation. In addition, we find that the position of the Government on this issue was not substantially justified, and that no special circumstances render an award of fees unjust. Therefore, plaintiff is entitled to an EAJA award for those hours spent in litigation of

the severity regulation, both at the district and circuit court levels. With respect to plaintiff's claim for disability benefits, however, we find that plaintiff is not yet a prevailing party. Consequently, plaintiff's petition for EAJA fees relating to this claim must presently be denied. Plaintiff is free to renew his petition if and when he is awarded benefits. The court will enter an order awarding an appropriate amount of fees upon receipt of the supplemental certification from plaintiff's counsel.

---

**2.** In addition, while the court finds that plaintiff's counsel did a commendable job in his challenge of the severity regulation, the court will also deny counsel's request (articulated for the first time in his reply brief) for a higher fee in light of "a special factor." 28 U.S.C. § 2412(d)(2)(A).