**Paul H. BAEDER, Appellee,**

v.

**Margaret HECKLER, Secretary of Health and Human Services of the United States, Appellant.**

**No. 86–5468.**

United States Court of Appeals, Third Circuit.

Argued Feb. 25, 1987.
Decided Aug. 27, 1987.

Susan D. Baird (argued), Asst. Regional Counsel, Annette H. Blum, Chief Counsel, Region II, Office of Gen. Counsel, Dept. of Health and Human Services, New York City, for appellant.

James Katz (argued), Tomar, Seliger, Simonoff, Adourian & O'Brien, Haddonfield, N.J., for appellee.

Before WEIS, BECKER and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal of a $12,480 award by the district court of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Supp.1987). *Baeder v. Secretary of Health and Human Services*, 634 F.Supp. 1041 (D.N.J.1986). The award followed a decision by this court that the Secretary's duly promulgated "severity"

regulation, 20 C.F.R. § 404.1520(c), was invalid because it was inconsistent with the Social Security Act. *Baeder v. Heckler*, 768 F.2d 547 (3d Cir.1985).[1] The fee award was limited to counsel's efforts for litigating the severity regulation. The district court, in awarding attorney fees, found: (1) that Baeder was a prevailing party on the issue of the validity of the severity regulation; (2) that the Secretary's position in defending the validity of the regulation was not substantially justified; and (3) that special circumstances did not make an award of fees unjust.

Baeder ultimately received benefits after his claim on the merits was remanded by the district court to the Secretary; hence, it is not contested that he is a prevailing party.[2] Nor are "special circumstances" claimed. Accordingly, the issue before us is one of substantial justification. Under our jurisprudence, in order to defeat an application for counsel fees by a prevailing party the government must show: (1) a reasonable basis in truth for the facts alleged in its pleadings; (2) a reasonable basis in law for the theory which it propounds; and, (3) that the facts alleged reasonably support the legal theory advanced. *Dougherty v. Lehman*, 711 F.2d 555, 564 (3d Cir.1983).

In recent weeks the Supreme Court made clear that our decision in *Baeder* was incorrect. *See Bowen v. Yuckert*, — U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (upholding severity regulation as consistent with Social Security Act). In light of this decision, we conclude that the Secretary's action in using the regulation generally and in defending it in the courts was substantially justified. *Accord Mattson v. Bowen*, 824 F.2d 655 (8th Cir.1987). Baeder argues that the Secretary's position was not substantially justified because the Secretary failed to demonstrate a reasonable basis in

---

1. The severity regulation is the second step of the five-step sequential evaluation process employed by the Secretary of Health and Human Services to determine entitlement to disability insurance benefits under the Social Security Act. Our decision affirmed the district court which had also held the regulation invalid.

*Baeder v. Heckler*, 592 F.Supp. 1489 (D.N.J. 1984).

2. Indeed the Secretary acquiesced in the Court of Appeals ruling, declined to seek certiorari, and processed Baeder's and other similar claims without regard to the severity regulation.

truth for the facts alleged, and because the facts alleged do not reasonably support the theory he has advanced. More specifically, Baeder has argued that the opinions of the district court and this Court invalidating the severity regulation were themselves partially fact based, implicating the first and third prongs of the *Dougherty* test. We disagree. The factual discussion contained in our opinion in *Baeder* either constituted background or was offered by way of illustration. Moreover, the Supreme Court in *Yuckert* rejected the claim that the regulation could be invalidated because of how it had been applied. The Supreme Court's opinion precludes any claim that the Secretary's defense of the validity of the regulation was not substantially justified either as a matter of law or as a matter of fact.

There is a good argument to be made that Baeder's disability was so clear that the Secretary could not properly have used it to invalidate Baeder's claim. Because the Secretary has defended the severity regulation only as a screening device for unmeritorious claims, no person who fails that stage should be able to establish disability if the agency ever considers his handicap in the context of his vocational skills. The fact that Baeder eventually obtained benefits seems to indicate that the original use of the severity regulation was in error. However, we cannot predicate an award of fees on that contention at this juncture because it is not supported in the record of the work for which the fees were awarded. A review of the papers in the district court and this court reflects that the work for which fees were awarded pertained *solely* to the litigation over the validity of the severity regulation. The validity of the regulation and the validity of its application specifically to Baeder were separate claims in the previous litigation, and under *Goldhaber v. Foley*, 698 F.2d 193 (3d Cir.1983), the government is not responsible for a plaintiff's fees incurred in the pursuit of a claim about which the government's position was substantially justified.

We acknowledge that the *Goldhaber* rule might not apply to claims that are closely entwined. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The district court did address the medical facts of the case in some detail in its initial decision reversing the Secretary, 592 F.Supp. 1491–94. However, the medical aspects of the matter were not raised as an alternate ground for affirmance when the case was here on the validity of the severity regulation. Accordingly we conclude that the present fee award must be vacated.

The district court has expressly bifurcated the counsel fee question and reserved the right to award fees for the work by Baeder's counsel in obtaining the award of benefits. That procedure was proper. *See Goldhaber v. Foley, supra.* It is plain from a reading of the ALJ's decision awarding benefits following remand that he was influenced by those portions of the district court's prior opinion dealing with the medical aspects of the case (as opposed to validity of the severity regulation). Baeder's papers in the district court presented these matters as well, and it is likely that the district court took them into consideration. Thus, the district court may award fees for the time spent by Baeder's counsel in arguing that the Secretary's decision on the facts was not supported by substantial evidence, so long as the Secretary's factual position was not substantially justified.[3] The district court may also consider the time expended by Baeder's counsel, following remand, in connection with obtaining Baeder benefits.

For the foregoing reasons, the judgment of the district court awarding counsel fees will be vacated and the case remanded for further proceedings consistent with this opinion.

---

**3.** It is also possible that the statutory argument may have contributed to clarification of the manner in which the severity regulation should be applied to Baeder. If so, the district may consider whether to award fees for a portion of such time.